## SMITH'S EXECUTORS *vs.* SMITH.

[FINAL SETTLEMENT AND DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Wife's interest as distributee in estate of deceased husband.*—The term "separate estate," as used in sections 1991 and 1992 of the Code, applies only to separate estates created by law ; consequently, in ascertaining a widow's distributive interest in the estate of her deceased husband, property held by her under a deed of gift, executed prior to the 1st March, 1848, is not to be estimated.

2. *Contents of transcript.*—On appeal from a decree of the probate court on the final settlement of an estate, the subpœnas for witnesses should not be incorporated in the transcript, unless some question arose ·in reference thereto ; nor should any papers be copied into the transcript, except such as are necessary to show the jurisdiction of the court, and such as are necessarily connected with the points reserved by bill of exceptions.

3. *Taxation of costs.*—In taxing the costs of an appeal, no allowance will be made for papers unnecessarily copied into the transcript.

Appeal from the Probate Court of Tuskaloosa.

In the matter of the final settlement of the estate of William I. Smith, deceased, which was transferred from the probate court, on account of the incompetency of the presiding judge, to the registrar in chancery. In ascertaining the widow's distributive share of the estate, the court below refused to make any deduction or abatement on account of certain slaves which she held under deed of gift from her father, dated March 11, 1839; which deed, it was contended by the executors and other distributees, created in her a separate estate. An exception was reserved to this ruling of the court, and it is now assigned as error.

E. W. Peck, for the appellants.

W. Moody, contra.

STONE, J.—Article 3, chapter 1, title 5, part 2, of the Code, relates expressly to separate estates of married women.—See Code, p. 380. The seventeen sections which compose that article embody the principles of a new policy in reference to married women, which was unknown to the common law. We have had occasion to construe several of the sections of that article; and we have uniformly held, that the words "separate estate" relate to estates made separate by law, and do not embrace those made separate by the contract of the parties. We have thus decided in reference to sections 1982, 1983, 1987, 1988, 1989, 1990, and 1997.—See Gerald v. McKenzie, 27 Ala. 170; Friend v. Oliver, ib. 532; Willis v. Cadenhead, 28 Ala. 474; Irons. v. McKenzie, ib. 308; Hardy v. Boaz, 29 Ala. 170; Pickens v. Oliver, ib. 530. See, also, Kidd v. Montague, 19 Ala. 623; Cunningham v. Fontaine, 25 Ala. 648.

In Willis v. Cadenhead, supra, which was a case of separate estate created by deed, and not by statute, we employed the following language: "If sections 1990 and 1997 of the Code apply to her separate estate, we think it very clear that sections 1983, 1987 and 1988 would also apply to it; *because we believe the words 'separate estate,' as used in each of those several sections, have precisely*

*the same meaning and extent.*" In that case, we indulged the further remark, "that the legislature did not intend to apply the provisions of any of the sections above cited, to her separate estate; or to any separate estate created by deed, prior to the 1st of March, 1848."

Applying the principles settled in Willis v. Cadenhead, and Pickens v. Oliver, to this case, we decide that the term *"separate estate,"* as found in sections 1991 and 1992, must be limited to those estates made separate by law; and that those words, in the two sections last cited, were employed in the same sense, and must receive the same construction, as we have heretofore declared to be the import of the same words in the other sections we have construed.

If anything further be necessary to vindicate this opinion, we think section 1991 furnishes that vindication. In defining the rule for ascertaining the value of the widow's separate estate under that section, it declares that the "rents, income and profits" shall be excluded. Why this exclusion? Evidently because, under the provisions of the Code, such *rents, income and profits* do not belong to the wife, but, as long as the husband continues her trustee, they belong to him.—Code, §§ 1983, 1985; Pickens v. Oliver, *supra.* Now, the husband is the owner of, and exempt from liability to account for, the "rents, income and profits" of only such separate estate of the wife as was made separate by law. If the wife have a separate estate created by deed, and such deed contain no provision to the contrary, the wife is herself entitled to the rents, income and profits, unless she permits her husband to use and enjoy them. In Roper v. Roper, 29 Ala. 247, we laid down a rule on this subject with which we are satisfied. We need not here repeat it.

Now, bearing in mind the fact that the husband is the owner of the rents, income and profits of the estate of his wife, made separate by statute, and that the rule is different where the estate is made separate by contract, we think the language we have copied above from section 1991 clearly shows that it, like the other sections of that article, refers only to estates made separate by

operation of law. This will produce entire harmony in our statutory provisions, while any other construction would lead to great confusion.

It is one of the conceded facts in the argument of this case, that the deed to Mrs. Brown creates in her a separate estate. We will not attempt a construction of that deed, because no question is raised upon it.

It results from what we have said, that the registrar in chancery, sitting for the probate court of Tuskaloosa, did not err in the judgment rendered by him.

Our attention has been specially invited, by the counsel for appellant, to the size and contents of the present record, and we are asked to lay down a rule which will settle the practice on appeals from the probate court. Looking into the record, we are satisfied that it is very unnecessarily swelled beyond the requirement of the law.

This appeal was taken under section 1888, subdivision 5, of the Code. The estate has been finally settled, and the appeal seeks to revise in this court the decision or decree made on said final settlement, respecting the distributive interest of Mrs. Smith. Section 1891 declares, "When an appeal is taken under any of the previous sections of this article, except a contest involving the validity of a will, the judge of probate must make out a copy of the bill of exceptions, which must be certified by him, and the appeal must be tried on such bill of exceptions in the appellate court."

We think this section was designed to save the expense of a heavy record in cases of appeal under the provisions of this chapter; else, why should the legislature have ordered that the appeal must be tried on the bill of exceptions? We have recently had occasion to construe this section 1891 of the Code, and we then held that, if there were no bill of exceptions, we could not, in that class of cases, consider the questions presented by the record.—See Turner and Wife v. Dawson, at the present term; Reese v. Gresham, 29 Ala. 91.

If that rule be adhered to, (and we have no authority under the statute to depart from it,) what reason can exist for incorporating into the record any of the proceed-

ings in the court below, except those which show the jurisdiction of the primary court, the orders for, and proceedings on the settlement, the decree, bill of exceptions, and the appeal to this court ? We do not lay down an absolute rule for the government of all cases; but, in this case, we hold, that the record is unnecessarily encumbered with immaterial matter. This appeal raises no question on the probate of the will, and the various proceedings connected therewith. It raises no question on the inventory, appraisement, sale-bill, or account current for settlement. No question was raised in the court below, so far as we are advised, on the amount of the assets for distribution, or who were the proper distributees. The only question was, whether the distributive interest of Mrs. Smith should be abated or withheld, because of a separate estate which she owned. We hold, then, that the will, the contest as to its validity, the inventory, the appraisemet, the sale-bill, and the account current, are improperly copied into this record. We hold, further, that under no circumstances of which we can conceive, unless a contest should grow out of some liability or claim of the witness, could it be necessary or proper to copy subpœnas for witnesses into the record of this court. They are no more a part of the record, than would the same description of papers be in a record from the circuit court.—See Williams v. Gunter, 28 Ala. 681.

We should, perhaps, add in this case, that it was clearly just and proper that the record should contain the order transferring the settlement from the probate court to the registrar.—Code, §§ 683, 1910.

In taxing the costs, the clerk will make no allowance to the registrar in chancery for Tuskaloosa, for those portions of the record which we have pointed out as unnecessary. We have made this order in reference to the taxation of costs, under section 3041 of the Code.