# Love *v.* Love.

*Bill in Equity between Devisees, to establish Boundaries, and for Accounts of Rents.*

1. *Statute of limitations* ; *how pleaded.*—An allegation, in an answer to a bill in equity, "that this respondent has had the uninterrupted possession of said lands, claiming them as her own, with full knowledge on the part of the complainant, for more than sixteen years," is a sufficient plea of the statute of limitations.

2. *Same ; as applicable to trust estates.*—The statute of limitations, barring actions for the recovery of lands, applies equally to legal and equitable titles ; and when the trustee is barred, the *cestui que trust* is also barred.

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed on the 3d April, 1877, by Caroline L. Love, against Mary A. E. Love and Isaac D. Lanier ; and sought to establish the boundaries, as between the complainant and defendants, to their respective portions of certain lands which were devised to them in and by the will of Mrs. Mary Lanier, deceased, and for an account of the rents and profits of the portions of the complainant's lands of which the defendants were alleged to be in possession. Mrs. Mary Lanier, the testatrix, died in June, 1861 ; and her last will and testament, which was executed in July, 1849, was duly proved and admitted to probate, by the Probate Court of said county of Autauga, on the 19th July, 1861, and letters testamentary granted to Clement G. Lanier, one of the executors therein named. By her said will, the testatrix devised her lands, by different clauses, to Albert G. Pickett, George Body, John B. Rumph, and Clement G. Lanier, the survivor or survivors of them, as trustees for her children and grandchildren, on the terms therein particularly specified ; describing the different parcels of land, in the several clauses, in such manner as seems to have caused some difficulty in ascertaining the boundaries of the portions devised to the children respectively. Pickett died before the testatrix ; Body and Rumph removed to Arkansas, and never at any time assumed to act as trustees ; and Lanier alone acted as trustee and executor, and died in November, 1876. The bill contained the following allegations, showing on what ground relief was asked.

" Complainant alleges and shows, that the said Mary A. E. Love pretends to have purchased the interest of said Isaac D. Lanier in the lands described in the first clause of said will, and claims exclusive possession and control thereof, since the 7th January, 1876, under and by virtue of said purchase. Complainant and said Mary were permitted to occupy a portion ot the lands described in said will, by said testatrix, for some time prior to her death, and were residing upon and cultivating the same at the time of her death ; but the respective lots or parcels of land, of which your oratrix, said Mary, and said Isaac D. Lanier, were made the devisees, were not set apart to either of them, by said testatrix prior to her death, or subsequently by their said trustee. Your oratrix shows and alleges, that the description of said lands, as the said testatrix has attempted to divide them in-

[Love v. Love.]

to the several lots or parcels in said will mentioned, is so indefinite as to produce great confusion in the boundaries thereof ; insomuch that, as she charges, the said Mary Love has been in the use and enjoyment of the lands, with the rents, income, and profits thereof, mentioned and described in the third clause of said will, which were conveyed to the said trustees for the use of your oratrix, and has continued in the possession, use and enjoyment thereof, since the 15th June, 1861 ; and your oratrix is thereby deprived of the use, rents, incomes and profits of the lands specifically devised for her use and benefit. Your oratrix also shows and alleges, that during the life of the said Clement G. Lanier, and while he was acting, or pretending to act as trustee, she applied to him frequently, in person, and through her agent, to divide and set apart the several lots or parcels of land mentioned in the said will, to the several beneficiaries thereof ; but the said trustee failed and refused to act in the matter." The bill therefore prayed that the boundaries might be established by commissioners appointed by the court, and by the decree of the court ; for an account of the rents and profits, and for general relief.

An answer to the bill was filed by Mary Love, admitting her possession of the lands devised to her ; alleging that she acquired the possession in 1861 by the consent and permission of the trustee ; and denying that the complainant had any right, title, or interest, in or to any part of the land in her possession. A material paragraph of the answer is quoted in the opinion of the court. The record does not show any answer filed by Isaac D. Lanier, nor any decree *pro confesso*. The cause being submitted to the chancellor for decision on the merits, he held the complainant entitled to relief, and appointed commissioners to ascertain and settle the boundaries of the respective parcels or portions of the lands, authorizing them to employ a surveyor to assist them. The commissioners submitted their report at the next term, accompanied with a map of the lands as divided off by them. The report was confirmed without objection, and the chancellor rendered a final decree, declaring the boundaries as laid down and described in the report and on the map ; and in his accompanying opinion he said, that no demurrer had been interposed, and the statute of limitations had not been pleaded. The defendant below, Mary A. Love, appeals from the decree, and assigns each part of it as error.

W. H. NORTHINGTON, and J. F. JOHN, for appellant.

THOS. W. SADLER, *contra.*

STONE, J.—It is shown in the present bill that appellant, defendant in the court below, took possession of the fraction of land in dispute, in 1861, on the death of testatrix. The present bill was filed sixteen years afterwards—April 3d, 1877. The chancellor, in his decree, affirms that "there was no demurrer to the bill, and no plea of the statute of limitations interposed." In the answer of defendant is the following language : " She admits that she went into possession of the lands devised to trustees for her use by the will of said Mary Lanier, with the permission of one of the trustees, as early as the year 1861, but expressly denies having, at any time, taken possession of, or occupied, any of the lands devised by said Mary Lanier to said trustees for the use of complainant. That she had the uninterrupted possession of said lands, claiming them as her own, with full knowledge of complainant, for more than sixteen years." This answer was filed May 8th, 1877. The foregoing is, in our judgment, a sufficient plea of the statute of limitations, and we think the chancellor erred in ruling otherwise.

In addition to the averments of the bill, the testimony is full and uncontradicted, that Mrs. Mary A. E. Lanier, appellant, has been in the uninterrupted, adverse possession of the lands in controversy ever since 1861, all the time denying complainant's right ; and that complainant made repeated, unsuccessful attempts to induce Clement G. Lanier, the trustee, to move in the matter, have the boundaries re-adjusted, and herself put in possession of the land she claimed. The statute of limitations commenced running September 21st, 1865, and the bar of ten years was complete long before this suit was brought.—Code of 1876, §§ 3225, 3232, 3248, 3758.

In reaching this conclusion, it has been unnecessary to inquire, whether the parties to this suit acquired legal or equitable titles under the will of Mary Lanier. The same limitation applies as the one title, as to the other ; and when the trustee is barred, the beneficiary is barred also.—*Molton v. Henderson*, 62 Ala. 426 ; *Colburn v. Broughton*, 9 Ala. 351 ; *Bryan v. Weems*, 29 Ala 423 ; *Fleming v. Gilmer*, 35 Ala. 62. This bar is complete as between the present occupants of the lands. What will be its effect as between tenants in remainder, should there be such, we need not inquire.

The decree of the chancellor is reversed, and the bill dismissed. Let the appellee pay the costs in the court below, and in this court.