# Jackson *et al. v.* Snodgrass.

*Bill in Equity to enjoin Obstruction of Roadway.*

1. *When reservation in deed equivalent to grant; certainty of description.*—A reservation by the grantors in a deed to land conveying real estate and a road way, by which they reserve to themselves and their heirs and assigns a free public road or right of way over and through said lands, is the equivalent of a grant by the grantee to the grantors of said roadway; and if it was in existence at the time and prior to the execution of the deed, this operates as assignment of the right, and it is deemed to be that which was intended to be conveyed by the reservation; and is the same in legal effect, as if the location so selected and used had been fully described by the terms of the grant.

2. *Adverse possession; sufficiency of averment.*—In a bill in equity, the averment that the complainant and those through whom he claims "have exclusively for more than twenty years been in open, notorious, hostile and adverse use of said" property described in the bill, is sufficient as setting up a claim under adverse possession.

3. *Obstruction of roadway; equity of bill for injunction.*—A court of equity will maintain a bill to enjoin the maintenance of an obstruction of a roadway and to restrain the continuance of such nuisance.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee, D. N. Snodgrass, against the appellants, W. Jasper Jackson and his wife, Paralie Jackson.

It was averred in the bill that the complainant was the owner of land bordering on the north side of the Tennessee river above and below what is known as the Larkin Ferry; that he derived title to this land from one W. R. Larkin; that at the time of purchasing said lands he also purchased from said Larkin the roadway and ferry privileges and easement in and to the south bank of said Tennessee river; that said ferry privileges and easement and the roadway leading to the ferry on the south bank of the river passed by successive conveyances from John H. Larkin, John McCutchen, and Lizzie McCutchen to W. R. Larkin and from said W. R. Larkin to complainant; that said ferry had been established at said place on the Tennessee river for more than twenty years, and that the roadway leading to and from said ferry to each side of the river had been established for more than twenty years. That in 1876, John H. Larkin and John McCutchen and Lizzie McCutchen executed a deed to one Alexander H. Moody by which they conveyed to him the lands above and below said ferry on the south bank of the Tennessee river; that upon the death of said Alexander H. Moody the respondent, Paralie Jackson, who was then his wife, inherited said land, and subsequently married the respondent, W. Jasper Jackson; that in said conveyance, the grantors made the following reservation: "Except this: the grantors reserve to themselves, their heirs and assigns, a free public road or right-of-way over and through said lands to and from the ferry, and the use of the said bank of the river at said established ferry for all the legitimate purposes of a public or private ferry in all stages of water in the Tennessee River, with the right of way thereto and therefrom, so as not in any manner to impair the usefulness and convenience and safety of the said ferry established at said point as a place of safety for the public to cross the Tennessee river at all stages of water."

It was then averred in the bill that a short time before the filing of the bill the respondents obstructed the well established road leading through said property on the south bank of the said river to the ferry, which had been

[Jackson *et al.* v. Snodgrass.]

established for more than twenty years; that this ob-
struction was caused by the building of a wire fence
across said road, and that by the maintenance of said
fence across the road, the plaintiff was greatly damaged
and the approach to and from his ferry was obstructed.

The averments of the bill as to adverse possession are
sufficiently shown in the opinion.

The prayer of the bill was that an injunction be is-
sued restraining the respondents from maintaining said
fence across said road and requiring them to remove the
same. A preliminary injunction was issued upon the
filing of the bill. The respondents demurred to the bill
upon the ground that the complainant had an adequate
remedy at law, and they also filed an answer to the bill
in which they denied that they obstructed the estab-
lished road leading to said Larkin's Ferry on the south
bank of the Tennessee river, and further denied the
complainant's right to land his ferry boat at the place
on said bank described in said bill of complaint, and
averred that the road which had been established to and
from said ferry for a number of years was 230 yards be-
low the place where the complainant was then landing
his boat, and that the road to said established landing
was not obstructed.

The respondent moved to dissolve the injunction upon
the denials of the answer, and for the want of equity in
the bill, and also moved to dismiss the bill for the want
of equity.

Upon the submission of the cause upon the demurrers
and the motion to dismiss the bill and dissolve the in-
junction, the chancellor rendered a decree overruling
each of them. From this decree the respondents appeal,
and assign the rendition thereof as error.

MILO MOODY and W. H. NORWOOD, for appellants.
The complainant cannot take or claim any right of prop-
erty under the reservation contained in the deed from
Larkin and McCutchen to Moody. What is called a res-
ervation is nothing more than an exception.—3 Wash-
burn on Real Property (3d ed.) 369, 377; *Copeland v.
McAdory,* 100 Ala. 553; *Frank v. Myers,* 97 Ala. 442.

[Jackson *et al.* v. Snodgrass.]

The complainant next claims title to said roadway on the south bank of the river to be in himself, and the public by prescription, but by reference to section two of the bill it appears that complainant fails to aver that he and the persons through whom he claims had *continuous* and *exclusive* possession of said roadway for the period of time required to give title, and complainant also fails to aver that he or those through whom he claims title while they were in possession of said roadway claimed title in themselves to said roadway. Therefore respondents insist the complainant's claim of title by prescription fatally defective.—22 Am. & Eng. Ency. of Law, (2d ed.), p. 1104; *Murray v. Hoyle,* 97 Ala. 588; *Alexander v. Wheeler,* 69 Ala. 340; *Potts v. Coleman,* 67 Ala. 221; *Collins v. Johnson,* 57 Ala. 304.

The complainant's title to the easement he claims being denied and disputed by the answer, the chancery court is without jurisdiction to determine the question of title in a bill to restrain trespasses upon land. Therefore, we submit that the chancellor erred in either not dismissing the bill or requiring complainant to bring an action at law.—*Hamilton v. Brent Lumber Co.,* 127 Ala. 84; *Ashurst v. McKenzie,* 92 Ala. 490; *Kellar v. Bullington,* 101 Ala. 267.

J. E. BROWN, *contra.*—Injunction is a proper remedy to prevent interference with a ferry franchise.—*Collins v. Ewing,* 51 Ala. 101.

It is clearly competent in making a sale of real estate to retain an easement or servitude in the land sold. *Webb v. Robinson,* 77 Ala. 176.

The protection of such an easement is peculiarly within the jurisdiction of the chancery court, and the insolvency of the defendant is not necessary for jurisdiction.—*Webb v. Robbins,* 77 Ala. 176; High on Injunctions, (2d ed.), pp. 850, 851 and 1153-54; *McBryde v. Sayre,* 86 Ala. 458; *Clay v. Powell,* 85 Ala. 538.

When the answer fails to deny any material allegation of the bill, and the bill contains equity, the injunction ought not to be dissolved. The answer in this case does not deny that statement in the bill, that the lower

ferry is used for a steamboat landing, which renders it impracticable and dangerous as a landing place for ferry boats. There is no denial of this averment. *Trump v. McDonald,* 112 Ala. 256.

TYSON, J.—Complainant's right to have the obstruction erected by respondents removed so as to secure to him the enjoyment of his ferry franchise is predicated upon his title to a right of way alleged to have been acquired by him in either of two modes. His title to the way under the first of these modes, it is averred, was derived under and by virtue of a reservation contained in a deed through which the respondent, Mrs. Jackson, derived her title to the land upon which the easement claimed by complainant is asserted.

It is contended in the first place that the reservation is void for uncertainty in that the right of way reserved is not definitely described.

The reservation in the deed was the equivalent of a grant by the grantee to the grantors of a way (23 Am. & Eng. Ency. of Law, 2d ed., p. 9), and if it was in existence at and prior to the execution of the deed, or if it was subsequently located and used by the grantors or their assigns with the acquiescence of the grantee, this would operate as an assignment of the right and is deemed to be that which was intended to be conveyed by the reservation, and is the same in legal effect as if the location so selected and used had been fully described by the terms of the grant.—*Wharton v. Hannon,* 101 Ala. 554; 2 Lewis on Eminent Domain, § 290.

The facts averred in the bill clearly prevent the reservation from being void for uncertainty in the description.

It is next insisted that the reservation can only be to the grantor and not to a stranger. This is undoubtedly true. But there is no inhibition upon the grantor conveying his interest in a right of way owned by him to another, which is alleged was done in this case. It is expressly averred in the bill that complainant derived title to the easement claimed by him through mesne conveyances from the grantors who reserved it to them-

24

[Jackson *et al.* v. Snodgrass.]

selves in their deed to the respondent, Mrs. Jackson.

The other mode by which complainant claims title to the right of way is alleged to be by adverse possession. The averment is that "Complainant and his predecessors through whom he claims have successively, for more than twenty years, been in open, notorious, hostile and adverse use of said    *    *    *    right of way and road," etc. The objection urged is that the allegation does not contain the words "continuous and exclusive." Suffice it to say that the sufficiency of the allegation is being tested by motion to dismiss for want of equity and not by demurrer. But if the point had been taken by demurrer, it would be untenable since the use of the word "adverse" is sufficient without the other qualifying adjectives. The bill clearly has equity and the motion to dismiss it was properly overruled. Of course, no error could be predicated for refusing to dissolve the injunction on that ground. Nor was the motion to dissolve the injunction improperly denied on account of the averments of the answer. While it denies that complainant derived his title by conveyance to the easement, he claims from Larkin as averred in the bill, it seeks to avoid his title founded on adverse use by asserting that the use was under a contract with respondent, Mrs. Jackson.—*Mabel Mining Co. v. Pearson Coal & Iron Co.,* 121 Ala. 567.

It has been too long settled by the decisions of this court to be now questioned that chancery will assume jurisdiction to abate just such a nuisance as is sought to be abated by this bill, by preventing its continuance by the aid of injunction.—*Cabbell v. Williams,* 127 Ala. 320; *Lide v. Hadley,* 36 Ala. 627; see also, 23 Am. & Eng. Ency. Law, (2d ed.) p. 38, and cases there cited in note S.

Affirmed.