# Beard *v.* Hicks.

### *Damages for Obstructing an Alleyway.*

(Decided June 17, 1909.    Rehearing denied June 30, 1909.
50 South. 232.)

1. *Easements; Interference With; Complaint.*—A complaint must allege plaintiff's ownership of an easement in an action for interfering therewith; it need not set out the particular manner in which the title was acquired, but if plaintiff sets out his source of title, he must allege all the facts necessary to establish the same.

2. *Same.*—A complaint in an action for obstructing an alley which avers plaintiff's ownership and possession of the land fronting on an alleyway, and that he is entitled to its use as a means of egress and ingress to and from the land, and that defendant willfully obstructed the same by building a fence across it in such a way as to prevent its use, is good against demurrer.

3. *Municipal Corporation; Alleyways; Obstruction; Evidence.*—Whether the obstruction of an alleyway interrupted the adverse user of the same by the public so as to break the continuity of the twenty years prescription, is, under the evidence in this case, a question for the jury.

4. *Same.*—Where one sues for the obstruction of an alley, thereby cutting off communication with his land which abuts on the alley, he may show the use to which the alley has been put, the fact that the city had repaired it, and that the alley was his only means of communication with his land.

5. *Same; Prescription.*—The fact that one had previously bought a strip claimed by another for an alleyway, was not inconsistent with the theory of a dedication of the strip for an alley, or the prescriptive use of the same.

6. *Same; Public Nuisance; Action by Private Citizen.*—Where a fence is constructed in an alleyway which deprives no one of the use of the alleyway except the owner of a lot abutting thereon, who is thus cut off from using the alley, as a means of ingress and egress to and from his land, the owner of the land can sue for the injury to him although the fence was a public nuisance and could have been abated by the city.

7. *Same; Instructions.*—A charge predicating a finding for plaintiff only in case the alley was a public one for a certain distance, is not proper since it might have been a public alley at the point of the obstruction though not a public alley throughout the entire distance.

8. *Same.*—Charges predicating a recovery on the fact that the obstruction in the alley was willfully and maliciously built and ignoring other counts not charging malicious conduct, are properly refused.

9. *Same.*—Where the evidence authorized punitive damages, charges confining plaintiff to recovery of actual damages were properly refused.

[Beard v. Hicks.]

10. *Life Estates; Alleys; Obstruction; Right of Life Tenant.*—A life tenant in possession of land abutting on an alleyway may sue for an interference with his easement right to the alley.

11. *Appeal and Error; Presumption.*—On appeal the trial court will not be put in error for directing the jury to find such damages as they deem to be reasonable, since it will be presumed that the trial court had previously instructed them as to the proper elements of damage.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by John Hicks against J. K. P. Beard. From a judgment for plaintiff, defendant appeals. Affirmed.

The first count is as follows: "The plaintiff claims of defendant $1,000 damages for wrongfully obstructing a certain alley in the city of Gadsden. And plaintiff avers: That he is the owner of a certain lot in the city of Gadsden, it being the lot on which plaintiff resides with his family. That said lot fronts on said alley, and plaintiff's only way of ingress and egress to and from said lot is on and over said alley. That plaintiff owned said lot on and prior to the 1st day of December, 1906, and has continuously owned said lot since said date up to the present time. Said alley furnishes and has furnished to plaintiff his only rightful and lawful method of ingress and egress to and from said lot that plaintiff has or has had, except a footpath which he has been allowed use by the owners of adjoining lots, which said footpath has been used not as of right, but by permission of said owners. And plaintiff avers that on and prior to the said 1st day of December, 1906, and up to the present time, he has been and of right is entitled to use said alley as a means of ingress and egress to and from said lot. Plaintiff avers that on, to wit, the 1st day of December, 1906, the defendant knowingly and willfully and intentionally obstructed the said alley by building a fence across the same in such a way as to prevent the use of said alley for the purpose of ingress and egress

to and from said lot by plaintiff. And plaintiff avers that since said date, and up to the present time, defendant has maintained said obstructions, and has thereby prevented the use of said alley by plaintiff for ingress and egress to and from said lots." Count 2 is same as 1, except that it is alleged to be a public highway; that is, the alleyway obstructed is alleged to be a public highway.

The oral charge excepted to is as follows: "In the event the jury find the issues in favor of the plaintiff, they will assess such damages as to them seem reasonable and right."

The following charges were refused: (1) "The court charges the jury that, if the jury believe all the evidence in this case, there is no public alley at the point where said fence is located and from said point north to the creek." (2) "The court charges the jury that, before the plaintiff can recover in this case, the jury must be satisfied from the evidence reasonably that the alleged alley at the point where said fence is located, and from thence north to the creek, is a public alley; that such alley became a public alley, either by grant, dedication, or prescription for more than 20 years." (4) "The court charges the jury, before the plaintiff can recover in this case, he must show by the evidence to your reasonable satisfaction that he is the owner of the lot on which he lives with his family, that said lot fronts on a public highway, that plaintiff owned said lot from the 1st day of December, 1906, and now owns it, and that the defendant willfully and maliciously built a fence across said public highway, thereby damaging plaintiff." (5) "The court charges the jury that under the evidence in this case there is no public alley from the south line of defendant's property north to the creek, either by grant, dedication, or prescription." (6) Affirmative as to the

second count. (7) "The court charges the jury that unless the plaintiff has shown by the evidence reasonably that plaintiff has been damaged, and to what extent, then the law says that plaintiff must fail as to such damages." (8) "The court charges the jury that there is no evidence in this case that plaintiff is the owner of the Hicks lot, as averred in the complaint, and your verdict must be for the defendant." (9). "The court charges the jury that there is no evidence in this case that plaintiff has any right, title, or interest in any part of that land cut off by said fence and lying north of said fence."

CULLI & MARTIN, for appellant.—Alleys are not public streets and cannot be governed by the same rule.— 2 A. & M. Ency. of Law, 149; 43 Mich. 355; 93 Mich. 427. Before a private citizen can maintain a bill to abate a public nuisance it must show an injury peculiar to him, different from the general public.— *Whaley v. Wilson,* 120 Ala. 502; *Trump v. McDonald,* 120 Ala. 20; *Stewart v. Conley,* 122 Ala. 183. The court erred in admitting the testimony objected to.— *Trump v. McDonald, supra.* As to the question of whether or not the alley was a public one, and as to the doctrine of prescription, see *Whaley v. Wilson, supra,* and cases therein cited. On these authorities it is insisted that the court erred in overruling demurrers to the complaint, in the admission of evidence, and in the instructions given and refused.

GOODHUE & BLACKWOOD, for appellee.—The first count was good.—14 Cyc. 20; 16 Ill. 217; 12 Mass. 157; 125 Ind. 226. It is evident that under the facts stated in each count of the complaint the injury suffered by plaintiff differed both in degree and in kind from that sustained by the public.—*Whaley v. Wilson,* 112 Ala.

627; *Crommelin v. Cox,* 30 Ala. 318; 23 Hun. 266; 56 Ind. 139; 67 How. 464; 55 Barb. 404; 60 Am. Dec. 423. Exemplary damages may be awarded for the interference with an easement whenever it appears that the defendant acted in an oppressive or malicious manner.— 14 Cyc. 1225; 138 Cal. 404; 120 Pa. St. 608. This is true whether the action may be case or trover.—27 Am. Dec. 688; 13 B. Mon. 319. Counsel discuss charges given and refused, but without citation of authority.

ANDERSON, J.—"In an action for injuring or interfering with an easement, the complaint must allege plaintiff's ownership of the easement in question; but it need not set out the particular manner, whether by prescription, grant, or otherwise, in which the title was acquired—it being sufficient to allege generally plaintiff's right to the easement and a violation of this right by defendant. If, however, plaintiff undertakes to set out his source of title, the complaint must allege all the facts necessary to be proved to establish the same."— 14 Cyc. 1220; *Gerber v. Grabel,* 16 Ill. 217; *Story v. Odin,* 12 Mass. 157, 7 Am. Dec. 46; *Hall v. Hendrick,* 125 Ind. 326, 25 N. E. 350. The first count avers that the plaintiff is the owner of and in the possession of a lot fronting on the alley and is entitled to the use of said alley as a means of ingress and egress to and from said lot, and was not subject to the demurrers interposed thereto.

The cases of *Whaley v. Wilson,* 120 Ala. 504, 24 South. 855, and *Trump v. McDonnell,* 120 Ala. 200, 24 South. 353, are easily diffedentiated from the present case and have no bearing on the sufficiency of the complaint in the case at bar.

The complaint was amended by the addition of a second count, and demurrers were filed to said count 2; but we find no ruling upon said demurrers. The judg-

ment entry does recite the overruling of demurrers to the complaint as amended; but we find no demurrer to the amended complaint. The complaint as amended consisted of counts 1 and 2 and not amended count 2.

It appears that, for more than 20 years prior to the erection of the fence complained of an alleyway was open and maintained from Lister's alley running north to or near the creek bluff, and it was a question for the jury as to whether or not the plaintiff and the public generally had acquired a prescriptive right to same. It is true there was some proof that the defendant, before the user of said alley for a continuous period of 20 years, erected and maintained, for a time, a fence across the north end of the alley at or near where it intersected with the creek, and at a point where there is a very high bluff, and at such a point where it could not interfere with the alley as a highway, as no one could travel through the northern opening of same, owing to the high creek bluff at the north of said alley. It was therefore a question for the jury as to whether or not this obstruction was sufficient to intercept the adverse user, by the public, so as to break the continuity of the 20-year prescription. Especially was it a question for the jury, in view of the evidence tending to show that said first fence was put there merely as a means of protection against going over the bluff, and not to obstruct said alley so as to prevent the use of same as a highway. It also appears that the erection of the second fence, the one in question, deprived no one of the use of the alley except the plaintiff, who was cut off entirely from all ingress and egress to and from his home, thus injuring him, not only greater in degree from all others, but different in kind from the public generally, and which would give the plaintiff a right of action, notwithstanding the fence may have been a public nuisance and could be abated by the city.—*Whaley*

*v. Wilson,* 112 Ala. 630, 20 South. 922; *Southern Ry. v. Ables,* 153 Ala. 523, 45 South. 234.

The plaintiff had the right to show the use to which the alley had been put, the fact that the city repaired and looked after it, and to show that it was his only means of ingress and egress to and from his home. Moreover, there was evidence tending to show a dedication by the owners over 20 years before the last fence was erected, and the repairing of the alley by the city tended to show an acceptance.

It was immaterial whether Bruce et al. bought a right of way to Lister's alley, or what they paid for same, as witness testified that they set their fences back prior to '86 so as to give an opening to Lister's alley. It was therefore immaterial what they paid for the strip, or whether or not they bought it. The fact that they previously bought the strip and paid for it was not inconsistent with or contradictory of the plaintiff's theory of a dedication or the prescriptive use of same, from the opening of the alley up to the time of the obstruction complained of by the plaintiff.

We cannot put the trial court in error as to so much of the oral charge as was excepted to by appellant. It merely instructs them to find such damages as may seem to be reasonable and right. We must presume that the court had previously instructed as to the proper elements of damage, and that this part excepted to referred to the damages as explained by the court, and to which the plaintiff would be entitled to under the law and evidence, in the event they found for the plaintiff.

The trial court did not err in refusing the general charge (No. 3) requested by the defendant, as there was evidence in support of the complaint. Nor was there a variance as to proof of ownership, as the plaintiff owned a life estate in the property and was in pos-

[Beard v. Hicks.]

session and was such an owner as could maintain the suit for interfering with his easement right of the alley.—*Walker v. Clifford,* 128 Ala. 67, 29 South. 588, 86 Am. St. Rep. 74.

There was no error in refusing charge 2 requested by the defendant. If not otherwise bad, it predicates a finding for the plaintiff only in case the alleyway was a public one clear to the creek. It may not have become a public alley clear to the creek, and yet may have been one at the point where the present fence was located. Charge 1 was likewise bad.

Charge 4 requested by the defendant was properly refused. If not otherwise bad, it predicates a recovery as to the whole complaint upon the fact that the fence was willfully and maliciously built, and ignores the second count, which does not charge "malicious" misconduct.

Charge 5 refused to the defendant was misleading, if not otherwise faulty. There may not have been a public alley from the south line of plaintiff's property clear back to the creek, yet it may have been such where the fence was built, and plaintiff would be entitled to recover whether it was a public alley all the way to the creek or not.

Charge 6 was but the general charge, as to the second count, and was properly refused, as there was evidence from which the jury could infer a public alley.

Charge 7 requested by the defendant was properly refused. If not otherwise bad, it confined the plaintiff to actual or compensatory damages, when there was evidence in the case which authorized an assessment of vindictive or punitive damages.

Charges 8 and 9 are manifestly bad.

The judgment of the city court is affrmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.