18 So.2d 87

**SUMNER et al. v. CALDWELL et al.**

8 Div. 270.

Supreme Court of Alabama.

May 18, 1944.

D. P. Wimberly, of Scottsboro, for appellants.

Proctor & Snodgrass, of Scottsboro, for appellees.

BROWN, Justice.

The appeal is from an interlocutory decretal order of the Circuit Court of Jackson County sitting in Equity, overruling the complainants' demurrer to the cross bill of the defendants.

The original bill at last amended seeks the cancellation of the mortgage alleged to have

been executed to R. T. Hargiss, on the 9th of February, 1917, by one of the complainants and his wife, the deceased ancestor of the other complainants and his wife, said wife being a complainant in this case, and the next friend of the minor complainants; to restrain and enjoin the foreclosure of said ·mortgage; quiet the title of complainants in the property alleged to be covered thereby; and in the alternative, if they are not entitled to the first stated relief, to enforce and protect the equity of redemption in the property covered by the mortgage.

The ground on which the bill seeks such relief is that more than twenty years have lapsed since the recognition of the existence of the mortgage, and that its enforcement is barred under the doctrine of prescription.

The defendants, after demurrer overruled to the bill as last amended, filed an answer which they make a cross bill as in Rule 26, Equity Practice, Code 1940, Tit. 7 Appendix, provided, avowing title or claim in themselves as the personal representatives of said Hargiss, deceased, and praying a foreclosure of the mortgage. As an incident to this relief, the cross bill pleads the proceedings and decree of the Circuit Court of Jackson County, in Equity, in the case of Caldwell et al. v. Sumner et al., in which the complainants in the instant case were the defendants, as an estoppel precluding complainants from questioning the validity of the mortgage and the indebtedness secured thereby, alleging in said cross bill in substance and legal effect, that the administration of said estate had, before the filing of that bill, been removed and was then pending in said circuit court for further administration; and that said bill and the proceedings therein were not prosecuted independently, but as an incident to the administration of said estate, and under the jurisdiction acquired by the removal of such administration, facts going to show that the court had jurisdiction to settle the controversy arising over the filing of a claim by J. B. Sumner against said estate, said claim having been previously filed in the Probate Court before the removal of administration.

The facts so pleaded were not shown and did not appear in the record on the appeal of Sumner et al. v. Caldwell et al., 244 Ala. 149, 12 So.2d 391, as clearly appears from the opinion in the report of that case.

The complainants, appellants here, joined in a demurrer to the cross bill questioning its equity and its sufficiency on numerous grounds, incorporating therein what appellants' counsel terms "speaking demurrers," setting out a part of the answer in the former suit, in which J. B. Sumner made a qualified or conditional admission showing that he had made payments on the mortgage within the twenty years. The legal effect of that admission, as affecting the right of J. B. Sumner and the other complainants, some of whom are minors, is not presented on this appeal, and on that we express no opinion. See 34 Am. Juris., page 233, §§ 289, 290. It is sufficient at this time to say that "speaking demurrers" are not permissible under our system of equity pleading. Sanders et al. v. Wallace, 114 Ala. 259, 21 So. 947; Blythe et al. v. Enslen et al., 219 Ala. 638, 123 So. 71; Martin v. Bains, 217 Ala. 326, 116 So. 341. The matter so improperly pleaded, if pertinent to the controversy, is matter for plea or answer to the cross bill, and, probably objections to the record in the former case, as evidence, when offered in support of the averments of the crossbill. The answer filed by the defendants follows the prescription of statute providing for proceedings to quiet title. Code 1940, Title 7, § 1111. And the prayer, seeking foreclosure as affirmative relief, is sufficient to give the cross bill equity. Manning v. Manning, 203 Ala. 186, 82 So. 436; Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223.

The Court did not err in overruling the demurrer to the cross bill. The ruling of the Court on motion of the complainants to make the injunction perpetual is assigned as error on this appeal, but that order is not an appealable decree; nor is it revisable on this appeal. Code 1940, Title 7, §§ 754–765.

The decree is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and THOMAS, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.