32 So.2d 517

**SELLERS v. VALENZUELA et al.**

1 Div. 285.

Supreme Court of Alabama.

Nov. 6, 1947.

See also ante, p. 620, 32 So.2d 520.

Vickers, Leigh & Thornton, of Mobile, for appellant.

Frank S. Coffin, of Mobile, for appellees.

FOSTER, Justice.

The question on this appeal is whether there was error in sustaining the demurrer to the bill filed by appellant.

The prayer of the bill is to establish and define the true and correct boundary line between the adjoining city lots of complainant and respondents, involving also the claim of an easement along said line extending partly on property of respondents; and, pending the final hearing and determination of said boundary line, that a temporary injunction issue restraining respondents from interfering in any way with the use by complainant of the driveway or alleyway between them; that on the final hearing the injunction be made permanent.

Such was the nature of the case of Fuller v. Blackwell, 246 Ala. 476, 21 So.2d 617.

■ It is alleged in the bill that a dispute exists between complainant and respondents as to the true and correct boundary line between their respective properties. This gives equity to the bill in that aspect. Ford v. Beam, 241 Ala. 340, 2 So.2d 411; section 2, Title 47, Code; section 129(5), Title 13, Code; Smith v. Cook, 220 Ala. 338, 124 So. 898.

The fourth paragraph of the bill as amended alleges the existence of an alley-way along the western boundary line of complainant's property, situated entirely or partly on complainant's property, and serves said property as a means of ingress and egress to and from the rear of it, and that for more than 25 years next preceding the filing of this suit has been in the possession of and used exclusively by complainant and her predecessors in title under claim of ownership for the purpose of affording means of ingress and egress to and from the rear of her property.

■■ To sustain a bill to enjoin the obstruction of an easement, except as incidental to other equitable relief, it must appear that the remedy at law is either doubtful, difficult or not sufficient to grant adequate relief. Lide v. Hadley, 36 Ala. 627, at page 635, 76 Am.Dec. 338. An action for damages is not sufficient when the obstruction is permanent or continuous, or destroys the right itself. Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559; Malone v. Decatur Cotton Compress Co., 211 Ala. 522, 100 So. 807; 28 Corpus Juris Secundum, Easements, § 107. The allegations of the bill are sufficient in this respect to sustain the equity of a bill for that purpose as against the claim that there is an adequate remedy at law. Jackson v. Snodgrass, 140 Ala. 365, 37 So. 246. Moreover, it is incidental to the equitable power of the court to establish a disputed boundary line.

■ But the bill must sufficiently show the existence of the easement to justify such relief. And if the claim of an easement is by prescription, and if complainant sets out the source of his title, the allegations sufficient to sustain that claim should be made in a bill seeking to enjoin its obstruction, (Beard v. Hicks, 163 Ala. 329, 50 So. 232) : that is, that the user has not only been for 20 years or more, but it must have been adverse to the owner of the estate over which the easement is claimed, under claim of right, exclusive, continuous and uninterrupted, with actual or presumptive knowledge of the owner. Hill v. Wing, 193 Ala. 312, 69 So. 445; Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559; Steele v. Sullivan, 70 Ala. 589.

■ The allegations of the bill being that the complainant and her predecessors in title have been in possession of it and used it exclusively for more than 25 years next preceding the filing of the suit, claiming to own such right, fairly show that such possession was without interruption; and sufficiently allege the other necessary elements of adverse possession. Jackson v. Snodgrass, 140 Ala. 365, 37 So. 246; Love v. Love, 65 Ala. 554.

The bill contains equity, and is not subject to any demurrer assigned to it for the establishment of a disputed boundary line; also to enjoin the obstruction of an easement existing if when the line is settled the right of way, if it exists, extends across it on to respondents' premises.

Appellant seems to be uncertain that the bill in both aspects is sufficient against all the grounds of demurrer addressed to the bill as a whole, and argues that they should not be considered to test each aspect separately, claiming that although both aspects may be defective such a demurrer should be overruled.

Referring to that contention, we find our cases have spoken as follows: In Thompson v. Brown, 200 Ala. 382, 76 So. 298, it is said that "although the bill is defective in each of its three aspects, the demurrer not being specifically addressed were properly overruled." And in Kelly v. Carmichael, 217 Ala. 534, 117 So. 67, it is said, "therefore if the bill presents a case for equitable relief in any one of its aspects, treating amendable defects pro hac vice as amended, it is error to sustain the demurrer unless grounds that go to the bill as a whole were well taken." And in Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413, it is

said that it is error to sustain such a demurrer "where any one of the aspects presented by the bill is not subject thereto." And such a demurrer should be overruled "if any of the grounds upon which relief is sought are of equitable cognizance." Tillman v. Thomas, 87 Ala. 321, 6 So. 151, 13 Am.St.Rep. 42; In Jasper Land Co. v. Manchester Sawmill Co., 209 Ala. 446, 96 So. 417, as to such a demurrer, it is said if the bill contains "equity in one aspect (it) should be overruled." It is likewise so stated in Worthington v. Miller, 134 Ala. 420, 32 So. 748, which is cited in Thompson v. Brown, supra. It is apparent that what is meant by defective in Thompson v. Brown, supra, when it says that though all aspects may be defective such a demurrer should be overruled when addressed to the bill as a whole, means to say that if one or more aspects set up a matter of equitable cognizance, defectively pleaded, the demurrer ought to be overruled, unless it points out some defect relating to the whole bill and all its aspects.

Our cases do not mean that if none of its aspects sets up matter of equitable cognizance the demurrer addressed to the bill as a whole, should be overruled. So that the question in passing on such a demurrer is not, as appellant argues, solely of whether there is more than one aspect, but whether each such aspect fails to assert matter of equitable cognizance. If one or more asserts matter of equitable cognizance, though not properly pleaded, the demurrer to the bill as a whole should be overruled.

Appellee argues that in passing on the demurrer we should consider the effect of another bill filed after the one filed in the instant case because reference is made to it in the demurrer, and it is pending in the same court (Circuit Court, in Equity, in Mobile County). Such other bill is not referred to in the bill as amended in the instant case to which the demurrer was directed. When it is sought to raise such a question by demurrer, the pleading to which the demurrer is directed must refer to the other proceeding Cogburn v. Callier, 213 Ala. 38, 104 So. 328; Crossland v. First National Bank et al., 233 Ala. 432, 172 So. 255; Whaley v. First National Bank, 229 Ala. 153, 155 So. 574.

The court will not search other records, not mentioned in the bill, and write into the bill the matter there disclosed, when considering its sufficiency on demurrer. Whaley v. First National Bank, supra.

A demurrer is addressed to the face of the bill. If not thus supported, it is a speaking demurrer, Samples v. Grizzell, 230 Ala. 176, 160 So. 538,—and that is not permissible in Alabama. Sumner v. Caldwell, 245 Ala. 568, 18 So.2d 87.

We are here treating the sufficiency of the bill as amended. An amendment relates back and becomes a part of the bill as fully as though it had been originally incorporated in it,—Rule 28(f), Equity Pleading,—so long as it refers to the same property and parties, and when this is not apparent on the averments of the pleading it is a question of fact. Section 239, Title 7, Code; 1 Corpus Juris Secundum Abatement and Revival, § 38.

If the purpose was not merely to correct a misdescription but change entirely the property involved, it does not so appear from the face of the amended bill. Presumptively therefore the amendment related back to the filing of the original bill. We think each aspect of the bill has equity and is not subject to the demurrer addressed to it. And the bill as a whole is not subject to the demurrer addressed to it.

The appeal was not improperly taken under section 755, Title 7, Code. The decree sustaining the demurrer was dated January 21, 1947. The appeal bond was approved February 19, 1947, which was within 30 days as required by that statute. True that was an interlocutory decree and not final. But complainant was not required to wait for a final decree before appealing under that statute.

There are certain petitions which are not bills in equity when section 755, Title 7, supra, does not apply. Such are the proceedings to which appellee refers in brief.

We think the demurrer should have been overruled, and not sustained. A decree will be so entered here.

Reversed, rendered and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.