# Tillison *v.* Ewing.

91   467<br>132  340

*Statutory Action in nature of Ejectment.*

1. *Fraud as exception to statute of limitations.*—Under the statutory provision which allows a party to bring an action within one year after "the discovery of the facts constituting the fraud," on which he relies to avoid the bar created by the statute of limitations (Code, § 2630), he must show due diligence on his own part to discover the facts, and his mere ignorance of them is not sufficient; and when no fiduciary relation existed between him and his adversary, involving the duty to disclose the facts, there must be some act or conduct calculated to mislead, deceive, or lull inquiry.

2. *What title will support action.*—A certificate of entry, duly assigned, conveys to the assignee such a legal title as will maintain an action to recover the possession of the land.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

This action was brought by W. S. Tillison and the heirs at law of his deceased brother, F. M. Tillison, against W. T. Ewing, to recover the possession of a quarter-section of land, with damages for its detention ; and was commenced on the 17th September, 1887. The defendant pleaded the statutes of limitation of ten and twenty years; and he proved his open and continuous possession since March, 1863, under a conveyance with covenants of warranty from one Thomas Hollingsworth, who was then in possession of the land. The plaintiffs replied fraudulent concealment of their patent for the land, both by said Hollingsworth and the defendant, and their discovery of it within six months next before the commencement of the suit. The patent was issued to said W. S. Tillison and F. M. Tillison, as the assignees of said Hollingsworth, and was dated June 1st, 1845; the certificate of entry to Hollingsworth being dated April 1st, 1843, and assigned by him to them on the same day. On all the evidence adduced, the court charged the jury, on request, that they must find for the defendant, if they believed the evidence. The plaintiffs excepted to this charge, and they here assign it as error.

WALDEN & SON, for appellants.

DENSON & TANNER, *contra.*

CLOPTON, J.—The uncontroverted facts—defendant's purchase of the lands sued for, in March, 1863, from Thomas Hollingsworth, who was then in possession, receiving a conveyance with covenants of warranty; and his open, notorious and continuous possession ever since, claiming the land as his own, in independent right, under color of title, for a period of more than twenty years before the commencement of the suit—fully justified the affirmative charge in defendant's favor, unless there is evidence reasonably tending to bring the case within the exception provided by section 2630 of the Code, which, in actions seeking relief on the ground of fraud, allows the aggrieved party one year after the discovery of the facts constituting the fraud, within which to prosecute his suit. It appears from the evidence that plaintiffs were not informed of the issuance of a patent to the lands until March, 1887, about six months before the commencement of the suit. The patent was issued June 1, 1845, to William S. Tillison, one of the plaintiffs, and his brother, Frank M. Tillison, who died December 29, 1845, the plaintiffs deriving title to his interest as his heirs. The fact constituting the fraud is alleged to consist in the fraudulent concealment of the patent by Hollingsworth, of which it is claimed defendant had knowledge, and in which he participated or connived.

Section 2630 being a statutory affirmation and application to legal remedies of the rule which previously prevailed in equity, where fraud had been concealed by a party against whom a cause of action existed, with the mere modification that the suit shall be prosecuted within a specified and limited time after discovery of the facts constituting the fraud; a proper construction of the statute requires that the character of the fraud sufficient in such cases shall be determined on the same principles applicable and established under the rule in equity. Accordingly, in *Underhill v. Mo. Life Ins. Co.*, 67 Ala. 45, it is said : "Ignorance of right, there being no more than mere passiveness, mere silence, on the part of his adversary, can not be engrafted as an exception on the statute of limitations, without a destruction of its wise policy, and without an encouragement of mere negligence." The ignorance must be superinduced by the fraud of defendant. In the absence of a fiduciary relation between the parties, imposing the moral and legal duty to disclose, there must be some act or conduct calculated to mislead, or deceive, or to lull inquiry. *Porter v. Smith*, 65 Ala. 169; *Holt v. Wilson*, 75 Ala. 58.

The land in controversy was entered by Hollingsworth, April 1, 1843, who, on the same day, transferred and assigned the certificate of entry to William Tillison and Frank Tillison.

[Tillison v. Ewing.]

We shall not discuss what presumptions may be reasonably drawn from the facts, that after the issuance of the patent, and before the death of Frank Tillison, Hollingsworth and W. R. W. Cobb sold and conveyed the land by warranty deed to James Hamp ton, who entered into possession thereunder, and, after remaining in possession for two or three years, moved off, whereupon Hollingsworth took possession, and continued in possession until he sold and conveyed to defendant; but shall place our decision on the absence of any evidence from which concealment of the patent by Hollingsworth, and the knowledge thereof, and participation therein by defendant, can be inferred, and also upon the lack of activity and diligence on the part of plaintiffs in discovering the facts, though reasonable opportunity for discovery was afforded. It is true, the evidence authorizes the conclusion that the patent itself was not discovered by plaintiffs until March, 1887; but it is not shown that William Tillison, to whom the certificate of entry was assigned jointly with his brother, was ignorant of such assignment and transfer. On the certificate of entry and its assignment, plaintiffs, under the statute, could have maintained an action to recover possession of the lands. The patent was not essential to this purpose.—*Case v. Edgeworth*, 87 Ala. 203. Due and proper inquiry for the certificate of entry, which was filed by William and Frank Tillison in the proper department of the Government for the purpose of obtaining a patent, would have led to information of its issuance, which is the only fact claimed to have been discovered. Under the circumstances, the concealment, or even destruction of the patent, would not constitute fraud, which, under the statute, operates to prevent the accrual of the cause of action until its discovery. A right of entry accrued under the certificate. Moreover, there is no evidence tending to show, or from which can be inferred, that Hollingsworth knew of the issuance of the patent, or ever had possession of it, or concealed it in any manner; and when inquiry was made by William Tillison for his brother's papers, Hollingsworth stated that he knew nothing of them. The patent was not found in the house in which Hollingsworth and Tillison lived at the time of the death of the latter, but in a house on the portion of the land purchased by Wagnon, and in a box which contained papers relating to the business of Wagnon & Wofford. No connection is shown between Hollingsworth and Wagnon. And there is a total want of evidence showing that defendant knew or participated in the concealment of the patent. There is no evidence from which any inferences can be drawn bringing the case within the exception of section 2630.

Affirmed.