## Swint *v.* The State.

*Selling Mortgaged Property.*

(Decided Jan. 11, 1912.   57 South. 394.)

1. *Costs; Criminal Prosecution; Sentence for.*—One sentenced to hard .labor for the payment of costs should be sentenced at the rate of seventy five cents per day.

2. *Witnesses; Cross Examination; Scope.*—Where the defendant had questioned the witness minutely concerning a mortgage, the state could inquire on cross examination as to when the mortgage was delivered.

3. *Selling Mortgaged Property; Evidence.*—Where the prosecution was for disposing of mortgaged property, evidence of the defendant's possession of the property prior to the time of disposition was admissible.

4. *Same.*—The progeny of mortgaged animals born after the making of the mortgage becomes subject to its lien, and in a prosecution for disposing of mortgaged animals, evidence of the birth of such progeny is admissible.

5. *Same; Indictment; Variance.*—Where the indictment charged the disposition of mortgaged animals under section 7423, Code 1907, proof showing an unlawful disposition of one of them was sufficient to sustain a conviction, and did not constitute a waiver.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Lee Swint was convicted of disposing of mortgaged property, and he appeals. Affirmed.

L. A. SANDERSON, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MAR-TIN, Assistant Attorney General, for the State. This Court will correct the error in the sentence for cost.— *Dowling v. City of Troy*, 56 South. 118. The state had a right on cross examination to show time of delivery of the mortgage.—*Drake v. The State*, 110 Ala. 9; *Wall v. The State*, 56 South. 57. It is not error to show the birth of progeny of mortgaged animals, as they became subject to the lien and part of the mortgage.—*Myer Bros. v. Phillips*, 85 Ala. 417; *Bush v. Henry*, 85 Ala. 605; *Dyer v. The State*, 88 Ala. 225.

PELHAM, J.—The defendant having been convicted of disposing of mortgaged property, that part of the judgment sentencing the defendant to hard labor in payment of costs at the rate of 40 cents per day is erroneous, and should be at the rate of 75 cents per diem.— *Dowling v. City of Troy*, 1 Ala. App. 508, 56 South. 118.

The lower court's rulings on the evidence are free from error. The defendant had questioned the witness Gray at length and minutely about the mortgage, and the state had a right to ask when it was delivered to him as part of the transaction inquired about by defendant.

Proof of the defendant's possession of the property prior to the time of the alleged offense was an essential element of the crime charged, and the questions asked eliciting such facts were proper. The cross-examination by the state of defendant's witness shows no abuse of the legitimate latitude permissible on such examinations.

The progeny of mortgaged animals, born after the making of the mortgage, becomes subject to the lien created by the moragage; and the court properly admitted evidence as to the calves born to the mortgaged

[Swint v. The State.]

cows.—*Dyer v. State,* 88 Ala. 225, 7 South. 267; *Meyer Bros. v. Cook,* 85 Ala. 417, 5 South. 147; *Bush v. Henry,* 85 Ala. 605, 5 South. 321; *Gans v. Williams,* 62 Ala. 41.

The general charge and special charges requested, in writing, by defendant seem to have been asked on the theory that there was a variance or insufficient proof to support a conviction, in that the indictment alleged the disposition of five cows, one horse, one pony, and two bulls, while the proof showed that several of the animals had died; and that the evidence introduced by the state failed to show that the defendant had disposed of more than one or two of the animals described in the indictment. The statute under which the indictment is framed (Code 1907, § 7423) makes it an offense for any person to sell or convey *any* personal property upon which he has given a mortgage; and it is sufficient to authorize a conviction to prove so much of an indictment as shows that the defendant has committed a substantive offense as charged in the indictment. Proof, showing an unlawful disposition of one of the animals by the defendant, would be sufficient to show a commission of the offense charged, and would not constitute a variance.—*State v. Murphy,* 6 Ala. 846; *Mooney v. State,* 8 Ala. 328; *McElhaney v. State,* 24 Ala. 71; *Porter & Co. v. State,* 58 Ala. 66; *Bates v. State,* 152 Ala. 77, 44 South. 695.

The judgment sentencing the defendant to hard labor at the rate of 40 cents per diem to pay costs of the prosecution will be here corrected, making the rate 75 cents per diem, and the judgment as thus corrected is affirmed.

Corrected and affirmed.