### COGBURN et al. v. CALLIER et al.
### (4 Div. 146.)

(Supreme Court of Alabama. April 16, 1925.)

**1. Wills ⬅️801—Heirs of widow without children who dissented from will become owners of personal property.**

Under Code 1923, §§ 7374 and 10593, effect of widow's dissent from will is same as intestacy as to her, and she is entitled to all personal property where there are no children, and on her death, her heirs at law become owners of such personal property.

**2. Judgment ⬅️518—Impeachment of probate decree in bill to quiet title is a collateral attack, and unavailable.**

Under a bill to quiet title, any attempted impeachment of probate decree allotting homestead exemption to widow, on ground that it was infected with fraud, is a mere collateral attack and unavailable.

**3. Judgment ⬅️518—Amended bill to quiet title, attacking homestead exemption decree, held a direct attack on such decree.**

Where, in suit to quiet title, respondents set up decree allotting homestead exemption to widow as their muniments of title, and complainants amended their original bill by charging that decree was obtained by fraud and undue influence, it constituted a direct attack on probate decree, properly requiring determination by court of issue of fraud thus propounded.

**4. Evidence ⬅️43(3)—Supreme Court will judicially notice issues presented in another case before it on appeal.**

Where record of another case is before Supreme Court on appeal, court will take judicial notice of issues therein presented for determination, and of decree of trial court, and judgment of Supreme Court affirming such decree.

**5. Judgment ⬅️948(1)—Bill seeking to set aside exemption proceedings held demurrable because showing on its face that issue had been determined in other cause between identical parties.**

Where bill of complaint seeking to set aside homestead exemption decree, on ground of fraud, showed on its face that issues of fraud in exemption proceedings had been tried and determined on proper proceedings in another cause between identical parties, by court having jurisdiction thereof, *held* that such bill was demurrable, and complainants were concluded by such former decree, and such estoppel was not defensive matter which must be pleaded.

**6. Evidence ⬅️43(3)—Another proceeding between same parties, and involving same subject-matter, judicially noticed where referred to in pleadings.**

Where a party refers in his pleading to other proceeding or judgment between same parties, and involving same subject-matter, court, on demurrer by other party, should judicially notice entire proceeding in so far as it is relevant to question of law presented.

**7. Judgment ⬅️725(4)—Complainants, failing to overcome decree on which respondents based their title, thereafter concluded from attacking such title.**

Where respondents in bill to quiet title set up a homestead allotment decree as their muniment of title, burden would then be on complainants to attack such decree, failing which they would be concluded in any subsequent action involving same title.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Bill in equity by Henry Cogburn and others against Bessie N. Callier and others. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

See, also, post, p. 46, 104 So. 330.

The bill of complaint is filed by Henry, Noah, Annie Mae, and Willard Cogburn, against the heirs at law of Lou A. Cogburn, to set aside and annul those certain exemp-

tion proceedings in the probate court of Coffee county, wherein exemptions of homestead and personal property were allotted to the said Lou A. Cogburn, as the widow of John A. Cogburn, deceased, and further to adjudge that complainants are the lawful owners of said homestead property, and of all the personal property which belonged to the estate of said John A. Cogburn, and which remained in the possession of Lou A. Cogburn at her death. To this end, R. M. Cogburn, as administrator of said widow's estate, is made a party respondent.

The bill shows that complainants are devisees in remainder, under the will of said John A. Cogburn, of all of his estate, real and personal, after the death of his said widow, Lou A. Cogburn, subject to the payment of several small legacies; that said widow filed her written dissent to said will on April 15, 1920, and on the same day filed her petition in the probate court, to have the personal property exemptions set apart, and the homestead appraised; that commissioners were appointed, who appraised the homestead property at $2,000, and so reported to the probate court, with a finding that this was all the real estate owned by decedent; and that after 30 days the court rendered a decree confirming the said report.

In impeachment of this decree the bill charges that W. W. Sanders, Esq., was the attorney representing the widow, and also R. M. Cogburn and his children, these complainants, in probating the decedent's will, and in resisting a contest thereof by certain of the decedent's other heirs at law; that he fraudulently deceived the homestead commissioners as to the value of the homestead land, and the proper basis for its appraisal, whereby they were induced to change their own estimate of its value ($3,000), reported it at $2,000, at the instance and request of said Sanders; and that by this means the probate court was deceived and caused to enter the decree in question.

It is further charged that W. W. Sanders pretended to be representing these complainants, as well as said widow, Lou A. Cogburn, in the protection of their rights and interests, under said will of John A. Cogburn, upon which they relied, but that he corruptly or willfully failed to represent them, and said probate exemption allotment was, by reason of said misconduct and deception, allowed by complainants to go unchallenged, they being ignorant of its purpose and effect, wherefore the decree was a fraud on them.

The bill, as amended, contains the following allegations as to a former suit between these same parties:

"(f) About the 20th of April, 1923, these complainants, being in the peaceable possession of the lands herein involved, as they still are, and claiming to be the owners thereof, under and by virtue of the will of John A. Cogburn, deceased, filed in this court their bill against the heirs at law of Lou A. Cogburn, the respondents herein, praying for a decree to quiet their title as against the said respondents, and calling on them to propound their title of claim, if any, in said lands as provided by law. They then filed their answer and cross-bill, making all the papers in the exemption proceedings in probate court, as before referred to herein, exhibits to said cross-bill, and averring that by reason thereof Lou A. Cogburn was invested with the absolute title to all the property of said estate, and that, at her death, the same descended to the said respondents, the said exemption proceeding being their sole source or claim of ownership to the same. Prior to this answer, complainants did not know that said respondents relied for title on the exemption proceedings as stated.

"(g) Orators aver that, in said bill to quiet title, they could not, under the law and rules of this court, successfully assail in a collateral way the fraudulent character of said exemption proceedings, and that the court could not in such proceeding annul or disregard the said exemption decree, but on December 10, 1923, entered a decree adjudging the title to said lands in the said respondents, ordering a reference before the register in respect to rents, etc., but there has never been any final decree in said cause, and the same is still pending."

For a statement of the allegations and issues made by the amended bill in that cause, see the case of Henry Cogburn et al. v. Bessie N. Callier et al., 104 So. 330,[1] where it is reported and the trial court's judgment affirmed. A demurrer was interposed to the original and to the amended bill of complaint on numerous grounds. The trial court sustained the general ground, for want of equity, and several special grounds, the holding being that the other suit between these same parties, as shown by the bill of complaint, was a conclusive adjudication against the complainants of the title based on the exemptions allotment, and foreclosed the issue of fraud upon which the equity of this bill is grounded.

P. B. Traweek and J. N. Ham, both of Elba, and Fleming & Yarbrough, of Enterprise, for appellants.

Res judicata must be specially pleaded, and must show the issue on former trial was broad enough to cover the issue being tried. Chatta. Brew. Co. v. Smith, 3 Ala. App. 565, 58 So. 67; Jordan v. Jordan, 175 Ala. 640, 57 So. 436; Yancey v. Denham, 211 Ala. 138, 99 So. 851; L. & N. v. McWilliams, 17 Ala. App. 64, 81 So. 842; Davis v. Morgan, 206 Ala. 576, 91 So. 318; Hall & Farley v. Ala. Co., 173 Ala. 398, 56 So. 235; Lange v. Hammer, 157 Ala. 322, 47 So. 724; Pitts v. Howard, 208 Ala. 380, 94 So. 495; Ford v. Ford's Adm'r, 68 Ala. 141. Fraud dehors the record, which results in an erroneous judgment, is ground for cancellation. Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Eskridge v. Brown,

[1] Post, p. 46.

208 Ala. 210, 94 So. 353; Miller v. Thompson, 209 Ala. 469, 96 So. 481.

W. W. Sanders, of Elba, and James J. Mayfield, of Montgomery, for appellees.

The decree of December 10, 1923, was final, and the present suit will not lie. Sims, Ch. Pr. § 568; Cochran v. Miller, 74 Ala. 50; Alexander v. Bates, 127 Ala. 328, 28 So. 415; Ex parte Elyton L. Co., 104 Ala. 88, 15 So. 939; Louisville Mfg. Co. v. Brown, 101 Ala. 273, 13 So. 15; Code 1923, § 5657; Wood v. Wood, 134 Ala. 557, 33 So. 347; Glasser v. Meyrovitz, 119 Ala. 152, 24 So. 514.

SOMERVILLE, J. [1] The bill of complaint shows that Lou A. Cogburn, widow of John A. Cogburn, duly dissented from his will. The effect of this dissent was the same as intestacy, so far as she was concerned (section 10593, Code 1923), and, there being no children, she was entitled to take all the personal property of the decedent (section 7374, Code 1923). It appears, therefore, on the face of the bill, that the respondents, as heirs at law of the widow, and not these complainants, are the owners of the personal property that belonged to the estate of the decedent, John A. Cogburn, regardless of any exemption claim or proceeding. As to such personalty, the bill is clearly without equity.

[2] The former bill of complaint, filed by these complainants against these respondents on April 20, 1923, and referred to in the instant bill, was, in its inception, a bill merely to quiet title. Under such a bill any attempted impeachment of the probate decree allotting the homestead exemption to the widow, on the ground that it was fraudulently procured, or infected with fraud in any way, would have been a mere collateral attack, and therefore unavailable. Interstate B. & L. Ass'n v. Stocks, 124 Ala. 109, 27 So. 506; Friedman v. Shamblin, 117 Ala. 454, 23 So. 821; Singo v. McGhee, 160 Ala. 245, 250, 49 So. 290.

[3] But when, upon the filing of the respondents' answer and cross-bill, setting up the exemption decree in question as their muniments of title, the complainants amended their original bill by charging that W. W. Sanders, Esq., fraudulently procured that decree by deception and undue influence practiced upon the homestead commissioners, and through them upon the probate court, this was the institution of a direct attack upon the probate decree, inviting and properly requiring a determination by the court of the issue of fraud thus propounded. This is too clear for controversy.

[4] The record of that case is before us on appeal, and we take judicial notice of the issues therein presented for determination—that decree of the trial court denying relief to the complainants, and adjudicating the title in favor of these respondents by virtue of the validity of the decree allotting the homestead to their ancestor, and the judgment of this court affirming that decree. N. C. & St. L. Ry. Co. v. Crosby, 194 Ala. 338 (12), 70 So. 7; Terrell v. Nelson, 199 Ala. 436, 74 So. 929.

[5] It therefore conclusively appears from the bill of complaint that the issue of fraud vel non in the exemption proceedings has been tried and determined, upon proper pleadings in another cause between these identical parties, by a court having jurisdiction thereof. The bill was therefore demurrable as for want of equity, and specifically because it shows on its face that the title claimed by complainants has been adjudicated adversely to them, and in favor of these respondents. Such an estoppel, apparent upon the face of the bill, is not defensive matter which must be pleaded, but is an impeachment of the complainants' own cause of action, and necessarily renders the bill demurrable. Williams v. Williams, 202 Ala. 539, 81 So. 41; 34 Corp. Jur. 1058, § 1494 (2).

[6] With respect to the judicial notice by a court of its own records, we do not wish to be understood as holding that in all cases courts may notice the record of other proceedings therein, even though they be between the same parties and involve the same subject-matter. See 23 Corp. Jur. 113, § 1920. But where a party refers to such other proceeding or judgment in his pleading for any purpose, the court on demurrer by the other party may and should take judicial notice of the entire proceeding in so far as it is relevant to the question of law presented.

[7] We agree with the trial court also in the proposition that, even though the bill of complaint had not been amended so as to charge fraud in the homestead allotment decree, the answer of the respondents in the former proceeding, setting up that decree as their muniment of title, would have imposed upon the complainants the necessity of attacking it for fraud, failing which, they would be concluded thereon in any subsequent action involving the same title. For it is well settled by the authorities that:

"In this form of action [i. e., one to quiet title] all matters affecting the title of the parties to the action may be litigated and determined, and the judgment is final and conclusive, and cuts off all claims or defenses of the losing party going to show title in himself, from whatever source derived, and which existed at the time of the suit, whether pleaded therein or not." 34 Corp. Jur. 959, and cases cited under note 28.

See, also, as to the general principle, Tankersly v. Pettis, 71 Ala. 179; Wood v. Wood, 134 Ala. 557, 33 So. 347.

The decree in the former cause settled all the equities between the parties, and was therefore a final decree on the merits—none the less so because a reference was ordered

to ascertain the amount of rents for which the complainants were liable to the respondents under their cross-bill. Cochran v. Miller, 74 Ala. 50, 61; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917.

Upon the foregoing considerations and authorities, the demurrer to the bill of complaint was properly sustained, and the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.