(112 So. 333)

## WATTS et al. v. KENNAMER.   (8 Div. 933.)

Supreme Court of Alabama.   April 14, 1927.

1. **Equity** ⬿201 — **In administrator's action, cross-bill by one of defendants claiming adversely to others as heir at law of decedent's first wife held defective for want of designation of party defendant or prayer for process (Code 1923, § 6550).**

In administrator's suit against deceased's next of kin and heirs at law for sale of decedent's real estate to pay debts, for division, and for allotment of dower, cross-bill by one of defendants asserting, as nephew and heir at law also of decedent's first wife, rights adverse to decedent's heirs at law, *held* defective under Code 1923, § 6550, for failure to designate any one as a party defendant, and for failure to include prayer for process to be served on cross-complainant's codefendants, heirs at law of decedent.

2. **Pleading** ⬿210—**Demurrer setting up former adjudication of rights involved is speaking demurrer.**

A demurrer setting up a former adjudication of rights involved is a speaking demurrer and not sustainable.

3. **Descent and distribution** ⬿90(4)—**Cross-bill claiming property as heir at law of decedent's first wife held not demurrable on ground of limitation and laches.**

In administrator's suit, cross-bill by one claiming property as heir at law of decedent's first wife, alleging that such property constituted decedent's first wife's share in her father's estate and was conveyed to decedent through mistake or inadvertence at a time when his wife was ill and without mental capacity to understand any business, and that such wife died 2½ months after execution of deed without ever knowing or being able to understand deed had it been shown her, and alleging further that decedent withheld such deed from record for many years, preventing discovery that he was erroneously named as grantee, *held* sufficient as against demurrer on ground of limitation and laches.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill in equity by W. A. Kennamer, as administrator, against Margaret Watts and others, and cross-bill by respondents. From the decree, respondents (cross-complainants) appeal. Affirmed.

The original bill in this case was filed by W. A. Kennamer, as administrator of the estate of W. W. Derrick, deceased, for the purpose of selling certain of the decedent's real estate for the payment of debts, and for division, and also for the allotment of dower therein to his widow.

It is shown that the decedent left no lineal descendants, and that his next of kin and heirs at law are a sister and children of two deceased sisters and a deceased brother (including one S. W. Thomas), who were made parties defendant to the bill. S. W. Thomas, who was a nephew and heir at law also of the decedent's first wife, Nancy Thomas Derrick, with whom are joined J. S. Chambless, J. G. Chambless, F. S. Wright, and Bob Wright, as nephew and heirs at law of said Nancy Thomas Derrick, filed their answer and cross-bill to the original bill, setting up in substance the following:

Nancy Thomas Derrick was a child and heir at law of W. C. Thomas, and entitled to a one-ninth interest in his estate. His administrators sold certain real estate, and at the sale W. W. Derrick bid it in for his wife, said Nancy Thomas Derrick, and in payment therefor the administrators were given credit for the amount of said Nancy's distributive share in the estate, her said husband, W. W. Derrick, contributing nothing thereto. In June, 1893, said administrators made a deed conveying the land in question to said W. W. Derrick, by mistake or inadvertence, when it should have been executed to the said Nancy. Said Nancy died in September, 1893; whereafter said W. W. "kept and remained in possession of said lands by curtesy until his death in June, 1924. It is specifically averred:

"That at the time of the execution of the said deed the said Nancy L. E. Derrick was confined to her bed and had been ill some time and to such an extent that she did not have mental capacity to know anything about any business matters and never knew how or to whom the deed was made and would not have known if she had been shown the deed or to have understood its contents as stated on account of her feebleness of mind, and died within 2½ months after the execution of the deed, never having arisen again from her bed from the date of the deed to the time of her death."

This deed was never recorded, and these defendants never knew of its existence until July 15, 1925, but it is now in the possession of the complainant administrator.

Complainant's demurrer to the cross-bill having been sustained, an amendment was filed adding the following averments:

"The fact of her (Nancy's) mental condition was not known to this (cross) complainant at the time of the filing of the original bill in this cause. That at the time the deed herein referred to was executed to the husband of said Nancy, * * * the said Nancy * * * was non compos mentis and remained so until the time of her death."

Demurrer of complainant was sustained to the cross-bill as amended, the trial court be-

ing of the opinion that the case was ruled by the decision of the Supreme Court in the recent case of Chambless et al. v. Kennamer et al., 214 Ala. 293, 107 So. 908.

The appeal is from the decrees on the demurrers, severally.

Milo Moody, of Scottsboro, and W. C. Rayburn, of Guntersville, for appellants.

The bill sufficiently alleges fraud to take the case out of the statute of limitations. 17 R. C. L. 193, 982; Amer. Bond. Co. v. Fourth Nat. Bank, 205 Ala. 652, 88 So. 838. The statute does not run against the heirs of the wife until the death of the husband, nor does it run between husband and wife. McLeod v. Bishop, 110 Ala. 640, 20 So. 130; 13 R. C. L. 1405; Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am. St. Rep. 81.

John B. Tally and Proctor & Snodgrass, all of Scottsboro, for appellee.

In support of the decree counsel cite Chambless v. Kennamer, 214 Ala. 293, 107 So. 908.

SOMERVILLE, J. [1] The cross-bill, or original bill in the nature of a cross-bill, here exhibited, designates no one as a party defendant, and contains no prayer for process. Section 6550 of the Code declares that:

"It shall not be necessary to issue a summons to any defendant in the cross-bill, except those who are not complainants in the original bill."

The heirs at law of W. W. Derrick are necessary parties to the cross-bill, and ought to be served with process, being defendants and not complainants in the original bill. The seventh ground of demurrer to the cross-bill is that it contains "no prayer for parties nor for process." This ground of the demurrer was well taken.

[2] The first ground of the demurrer, setting up a former adjudication of the rights here presented which is not shown by the cross-bill, is a speaking demurrer, and of course not sustainable, a special plea being necessary. The other grounds of demurrer set up a bar by reason of laches, and of the operation of the statute of limitations, as being apparent upon the face of the cross-bill.

[3] The trial court evidently sustained the demurrer on the theory of laches, as explained and applied by this court in the case of Chambless et al. v. Kennamer et al., 214 Ala. 293, 107 So. 908, wherein one of these complainants, J. G. Chambless, jointly with several other heirs at law of Nancy Thomas Derrick, filed an original bill against this complainant, as administrator of the estate of W. W. Derrick, and several of his heirs at law, which was in substance the same as the instant bill in allegations and prayers, with a single exception to be presently stated.

In that case it was said (per Gardner, J.):

"The equity of the bill rests upon the doctrine of a resulting trust. Its averments are consistent with the hypothesis that the wife [Nancy] had full knowledge as to the manner of the execution of the deed to the husband and acquiesced therein. On demurrer, in the absence of allegation to the contrary, it must be assumed that such was the case. * *. * The death of Nancy Derrick did not operate to stop the running of the statute of limitations or the application of the equitable principle of laches which then 'began to gather strength to the detriment of the equitable title here asserted.' Fowler v. Ala. I. & S. Co., supra, 164 Ala. 414, 51 So. 393."

It was held that the demurrer, as for laches, was properly sustained.

The vital defect noted in that bill of complaint has been carefully and thoroughly supplied in the averments of the cross-bill here. Under these averments, the wife Nancy did not know, and could not possibly have known or understood, that the land purchased for her with her money had been, by mistake or inadvertence, conveyed by her father's administrators to her husband instead of to herself. And the fact that he withheld the deed from record, coupled with the fact that he was entitled to hold and use the land as his own under his statutory estate in the nature of curtesy, and so held it till his death, fully excuses their ignorance of their right on the part of these cross-complainants, and, of course, their delay in its assertion.

Under the circumstances stated, neither the statute of limitations nor laches became operative against the wife, Nancy. Unless there was a denial of her right to this land by her husband, brought home to her, or unless, knowing of the conveyance to her husband, she acquiesced therein, she was under no compulsion, legal or equitable, to discover the situation and bring an action to enforce her right. Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am. St. Rep. 81; Tillison v. Ewing, 91 Ala. 467, 468, 8 So. 404; Gayle v. Pennington, 185 Ala. 53, 65, 66, 64 So. 572; 37 Corp. Jur. 908, § 269.

"Courts of equity ordinarily excluded the defense of the statute of limitations from litigations between husband and wife. They also recognize the fact that in ordinary cases the defense of laches in like manner must be excluded. But the authorities hold that the delay of one spouse in bringing his or her action against the other while the status of marriage exists may be fatal under the equitable doctrine of laches. The correct view is that a court of equity must look at all the circumstances of the case without being bound by the hard and fast rule of the statute of limitations imposed upon courts of law, and that the defense based upon undue delay will be sustained or rejected according to purely equitable considerations in view of the equitable doctrine of laches." Givernaud v. Givernaud, 81 N. J. Eq. 66, 77, 85 A. 830, 835.

We think the allegations of the cross-bill sufficiently excuse the delay, whether of Nancy Thomas Derrick or of her heirs at law, in the enforcement of the resulting trust herein asserted, and that the demurrer as for limitations or laches should have been overruled.

As noted above, the seventh ground of the demurrer was well taken, and the decree sustaining the demurrer as a whole must be therefore sustained.

The appellants will be allowed a reasonable time for amendment of their cross-bill to meet the objection noted.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.