172 So. 255

### CROSSLAND v. FIRST NAT. BANK OF MONTGOMERY et al.

3 Div. 176.

Supreme Court of Alabama.

Jan. 21, 1937.

Hill, Hill, Whiting & Rives, of Montgomery, for appellant.

Steiner, Crum & Weil, of Montgomery, for appellees.

FOSTER, Justice.

■ This is a bill filed by an executor, and seeks the removal of the estate into the circuit court, in equity, by virtue of section 6478, Code, and other relief. There was a demurrer to the bill as a whole, and

if it is sufficient in any aspect, the demurrer should have been overruled. First National Bank v. Forman, 230 Ala. 185, 160 So. 109.

It was sustained, and complainant appeals. Appellant insists that it is at least sufficient under the Code section cited above.

■ The bill alleges that the administration of said estate is still pending in the probate court and that there has been no final settlement thereof, and that in the opinion of orator the estate can be better administered by this court than it can by the said probate court. The substance of the language of the statute was used, and it has been held that when there is nothing to discredit the effect of such averments, they will be construed to mean that the probate court has not entered upon an exercise of its jurisdiction in respect to a final settlement. For when that has been done, though final settlement has not been completed, equity will not remove the administration unless it is necessary to render some relief not available in the probate court. Ex parte McLendon, 212 Ala. 403, 102 So. 696; Brizendine v. American Trust & Savings Bank, 211 Ala. 694, 101 So. 618; Mobbs v. Scott, ante, p. 70, 169 So. 698.

But it is contended that although the bill may be prima facie sufficient in that respect, this court will, as did the circuit court, take notice of the status of the estate as shown by the record in this court on another appeal. Crossland v. First National Bank, 226 Ala. 679, 148 So. 418. The published report of that case shows that it was an appeal from the probate court administering this estate, in which that court held that at the time of the death of decedent the value of her realty exceeded $3,000, and therefore that the estate was not insolvent and dismissed the petition to have it so decreed. On appeal, that decree was affirmed because there was no bill of exceptions showing the evidence on which the decree was founded. The judgment of affirmance was dated May 25, 1933. The instant bill was filed December 22, 1933.

It is contended that we should take notice that the record on that appeal shows that the executor had been cited by the probate court to file his accounts and vouchers for final settlement on February 18, 1931, whereupon the executor filed the petition to declare it insolvent, which was

considered on such appeal, and which was finally dismissed May 25, leaving the citation and. order of the probate court outstanding and effective, amounting to an assumption of jurisdiction by that court in respect to a final settlement, so as to withdraw it from section 6478, Code.

■ Of course that record would not show what, if any, proceeding has occurred, since it was made up, or whether the order has been revoked or discontinued. We have not examined the record on that appeal to see what is shown to be its status. We will sometimes do so "to ascertain the issues of law and fact there involved, and the result, and the influence of such adjudication on the questions presented in the appeal under consideration." Catts v. Phillips, 217 Ala. 488, 117 So. 34, 35. Also "when a party refers to such other proceeding or judgment in his pleadings for any purpose, the court on demurrer by the other party may and should take judicial notice of the. entire proceeding insofar as it is relevant to the question of law presented," when they are both in the same court. Cogburn v. Callier, 213 Ala. 38, 104 So. 328; Alabama City, G. & A. R. Co. v. Bates, 155 Ala. 347, 46 So. 776. These are exceptions to the general rule, 23 Corpus Juris 113, and this bill does not fall within either of them.

■ If the bill refers to another proceeding in the same court, the Cogburn Case, supra, holds that the court on demurrer should take notice of it as though set out in the bill. That principle should not be extended. The other proceeding may be accessible to the circuit court, but not to this court; and it may be accessible in this court and not in that. It could never apply unless the bill refers to it, and it is of record in the circuit court where the bill is filed, and also, an appeal is of record here. Such was the Cogburn Case, supra, and such is not this case.

■ The record of the administration in the probate court was never in the circuit court, so far as anything here appears. The circuit court could not take notice of what exists in another court. We review that court on the pleadings before it. Moreover, we cannot know what, if anything, was done in that court after that record was made up. So that we can only look to the averments of the bill and exhibits to determine whether it is subject to the demurrer interposed to it. When so considered, it is sufficient prima facie to invoke jurisdiction under section 6478, Code, and respondents must, if they wish to question such jurisdiction present appropriate pleading. Mobbs v. Scott, supra.

■ It is insisted that the bill also seeks relief which was adjudicated in the insolvency proceeding. Although it is true that a demurrer to a bill may present a question of res judicata, it is only so when it so affirmatively appears in the bill. Williams v. Williams, 202 Ala. 539, 81 So. 41; Crowson v. Cody, 215 Ala. 150, 110 So. 46; 101 A.L.R. 1326.

■ The question is not here shown on the face of the bill, though considered in the light of matters of which we should take notice. Moreover, the demurrer is to the bill as a whole, and it is good in at least one aspect. We think under such circumstances it should be altogether inappropriate to express an opinion upon the hypothesis of a situation not alleged in the pleadings to exist. The questions of res judicata and of assumption of jurisdiction by the probate court to make a settlement should be determined upon appropriate pleading and full hearing. We do not think that we should pass upon those or other questions argued by counsel, since we think they are not presented, and ought not to be considered.

The decree of the circuit court, in equity, is reversed, and a decree is here rendered overruling the demurrer to the bill as amended, and the cause is remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.