41 So.2d 290

## BELYEU et al. v. BOMAN.
### 7 Div. 973.

Supreme Court of Alabama.

June 16, 1949.

Roy D. McCord, of Gadsden, for appellee.

Geo. D. Motley, Sr., of Gadsden, for appellants.

FOSTER, Justice.

This is an original bill in equity seeking to have a decree cancelling for mistake a certain judgment at law and declaring that it is not a personal judgment against complainant, but only a judgment against Boman's Garage and for an injunction against the sheriff restraining him from levying an execution upon the personal property of complainant, but only upon "that which is known as and used as Boman's Garage."

The answer denied the allegations of the bill in that respect and alleged that complainant had made a motion under the four months statute to cancel the judgment on the same ground, and that said motion was overruled and denied. Section 279, Title 7, Code.

A court of equity may of course vacate a judgment at law for fraud or mistake notwithstanding the four months statute. Merrill v. Travis, 248 Ala. 42, 26 So. 2d 258. While the bill is wholly insufficient in that respect, its sufficiency was not raised by demurrer.

On the submission of the case there was no note of testimony under Rule 57, Chancery Practice, Code 1940, Tit. 7 Appendix. There is nothing in this record to support the claim of complainant that the judgment was procured by surprise, accident, mistake, or fraud as in section 279, supra. The court did not decree that it was so procured, but simply decreed that the judgment is not a personal judgment against Mark Boman, the complainant, but only one against Boman's Garage, and gave direction to the sheriff.

 The decree cannot be affirmed for at least two reasons: First, that a court of equity is not the tribunal to give direction to the sheriff as to the execution of process from a court of law and to hold that the judgment as rendered is only against Boman's Garage, and not against Mark Boman. It is that court alone which on motion could grant that relief, and this bill has no equity insofar as the relief granted is concerned. Title 13, section 4(3); State ex rel. Scott v. Waller, 133 Ala. 199, 32 So. 163; Ex parte Cross, 247 Ala. 85, 22 So.2d 378; Merrill v. Travis, supra; 21 C.J.S., Courts § 496, p. 758.

Second, there was no note of testimony, and the judgment at law which was referred to in the decree is not before this Court. Appellant insists that the judgment at law was physically before the trial judge in this case and he construed it, and therefore that we should give effect to that construction, though we do not know its term. He contends that the court will take judicial notice of that judgment without introducing it in evidence or otherwise putting it in the record. But since that judgment does not appear in this record, nor is it of record in this Court, that principle does not apply. Crossland v. First National Bank, et al., 233 Ala. 432(5), 172 So. 255; 15 R.C.L. 1063, section 6.

There is attached to the answer a copy of the motion and proceedings filed at law under the four months statute duly certified by the clerk, as shown of record in that proceeding. That would be conclusive as to any claim that the judgment was obtained by surprise, accident, mistake, or fraud, as attempted to be set up in this proceeding in equity. But the trial court did not grant relief on that claim.

The bill is without equity in the aspect in which relief was granted and should be dismissed on demurrer unless amended to give it equity. Rule 14, Chancery Practice, Code Tit. 7 Appendix.

Reversed and remanded with leave to amend bill within twenty days.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.