56 So.2d 654

**ELLISON v. NORMAN et al.**

**3 Div. 621.**

Supreme Court of Alabama.

Jan. 24, 1952.

Arthur J. Reid, Montgomery, for appellant.

Godbold & Hobbs, Montgomery, for appellees.

SIMPSON, Justice.

Bill by Roff O. Ellison, appellant, against appellees to "set aside all conveyances to the property described [in the bill] subsequent to March 23, 1947, and restore your Complainant to peaceable and quiet possession thereof, and that he be granted or restored to his fee simple title and conveyances executed subsequent to March 23, 1947, be voided, cancelled and held for ..aught," and for incidental relief.

This is not a bill of review, as is supposed by counsel for the parties. No relief of any kind from any previous decrees is sought. The import of the bill is simply to set aside some undescribed conveyances which appellant may have made subsequent to March 23, 1947, and that he be restored to the property described in the bill of complaint.

The court sustained the demurrer interposed by the defendants, one ground of which was that the bill of complaint does not describe with sufficient certainty the conveyances which it seeks to have voided and cancelled. This ground of demurrer was well taken and the decree is due to be affirmed. Faulk v. Faulk, 255 Ala. 237(3), 51 So.2d 255; Faust v. Faust, 255 Ala. 370(3), 51 So.2d 671. We do not search for any other good ground, since none is presented in briefs and argument.

The court rested decision sustaining the demurrer on the theory that "the matters brought up in the bill of complaint have been heretofore adjudicated by the Court, are res judicata." This ground of demurrer is not well taken, since there is nothing on the face of the pleadings to show any res judicata of the pending action. True, the demurrer exhibited two certain decrees which it is averred were rendered in two cases which are incidentally referred to in the bill of complaint, but the grounds so alleging are regarded as speaking demurrers and will not be considered. Watts v. Kennamer, 216 Ala. 64(2), 112 So. 333; Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517; Blythe v. Enslen, 219 Ala. 638, 123 So. 71.

Counsel for appellees argue that these grounds of demurrer should be considered

**612**

because the decrees referred to in the demurrer and made exhibits thereto are averred in the demurrer to have been decrees rendered in the two cases referred to in the bill, thereby requiring the trial court to take judicial knowledge of them. But these exhibits do not properly form any part of the demurrer and, as stated, the grounds setting them forth are speaking demurrers. The cases mentioned in the bill are not sufficiently pleaded to inform us as to their relation to the case in hand and there is nothing before us which could advise us of these decrees. The decrees were never reviewed by this court and we therefore do not take judicial knowledge of them so as to review the propriety of the trial court's ruling with respect to them. Belyeu v. Bowman, 252 Ala. 371(4), 41 So.2d 290; Crossland v. First National Bank, 233 Ala. 432(5), 172 So. 255.

The ground, therefore, upon which the lower court sustained the demurrer was not apt, but there was at least one good ground, so that decree must be affirmed. Faulk v. Faulk, supra; Faust v. Faust, supra.

Affirmed.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.