72 So.2d 116

**STEPHENS v. STATE.**

**7 Div. 266.**

Court of Appeals of Alabama.

Jan. 5, 1954.

Rehearing Denied March 16, 1954.

Leonard Crawford, Ft. Payne, for appellant.

Si Garrett, Atty. Gen. (Robt. Straub, Asst. Atty. Gen., Mary Tex Hurt, Montgomery, of counsel), for the State.

PRICE, Judge.

The indictment, omitting the formal parts, charges that defendant "with the purpose to hinder, delay or defraud Huntsville Production Credit Association, a corporation, who had a lawful and valid claim thereto * * * did sell or remove personal property consisting of Four head of mules of the value of about seven hundred dollars and eleven head of cattle of the value of about One Thousand Five Hundred Dollars, * * * having at the time a knowledge of the existence of such claim," etc.

The evidence for the State disclosed that appellant and his wife executed a mortgage to Huntsville Production Credit Association on February 16, 1948, covering four head of mules and eleven head of cattle, for money loaned, and on April 8, 1948, they gave to the same mortgagee a mortgage on nine additional head of cattle, purchased with money loaned to defendant by the Huntsville Production Credit Association, and that defendant sold or disposed of the cattle and mules and the proceeds of the sale were not paid on the mortgage indebtedness, which was still due and unpaid.

Defendant admitted he executed both mortgages to Huntsville Production Credit Association, but informed the mortgagee before he executed the first one that the State National Bank had a prior mortgage on the four head of mules and eleven head of cattle. He testified one of the mules and five of the cows died; he sold three cows and paid the proceeds on the State National Bank mortgage, and the Bank foreclosed its mortgage on the remainder of the cattle.

Defendant introduced in evidence a mortgage purported to have been executed by him to the State National Bank on January 5, 1948.

█ This mortgage is not set out in the record nor has it been certified to this court. Since there was evidence before the trial court and the jury which is not before us, we cannot review the court's action in refusing the general affirmative charge nor his action in denying the motion for a new trial on the ground the verdict is contrary to the weight of the evidence. Phelps v. State, 33 Ala.App. 89, 30 So.2d 38; York v. State, 34 Ala.App. 188, 39 So.2d 694; Senn v. State, 35 Ala.App. 62, 43 So.2d 540; Richardson v. State, ante, p. 194, 65 So.2d 715.

█ It is insisted by counsel for appellant that the trial court erred in admitting evidence concerning the second mortgage, and the mortgage itself, executed by defendant to Huntsville Production Credit Association. These questions are not adequately presented for our review. In some instances exceptions were not reserved to adverse rulings by the court on the admission of testimony.

As to the mortgage itself, the following excerpt from the record discloses at one point the court sustained the objection to its introduction:

"*Mr. Crawford:* The Defendant objects to the introduction of the mortgage just identified by the witness, because it is irrelevant, incompetent, and immaterial, and because there is a variance between the description of the property contained in the

mortgage and that contained in the indictment.

"*The Court:* Let me see them a minute. Overruled.

"*Mr. Crawford:* We reserve an exception.

"*Mr. Crawford:* We want to add another grounds of objection to this last mortgage. It doesn't show that any new consideration passed between the parties on this one. It is shown to be the same mortgage. It would be void because of want of consideration.

"*The Court:* I sustain the objection for the present."

Further in the record, without its having been reoffered in evidence and with no further ruling by the court, the following objection appears:

"*Mr. Crawford:* We want to renew our objections to the introduction of those mortgages. The mortgages show that there is a variance between the mortgages and the indictment.

"*The Court:* Overruled.

"*Mr. Crawford:* We reserve an exception."

█ The mortgage executed February 16, 1948, describes the property as it is described in the indictment and was admissible in evidence. Clearly there was no error in overruling the objection to the introduction of "those mortgages."

██ There was no error in admitting in evidence the ledger sheet of the Huntsville Production Credit Association for the purpose of showing the mortgage debt was outstanding. The defendant objected to its introduction on the grounds it was irrelevant, incompetent and immaterial and sheds no light on the issues. Preliminary proof was made for its admission, Section 414, Tit. 7, Code 1940, and it is an elementary proposition of law that one of the elements of the offense necessary to be proved by the State was that at the time of the sale the mortgage lien was unsatisfied in

whole or in part. Wiley v. State, 16 Ala. App. 93, 75 So. 641.

The general affirmative charge was also requested on the theory that there was a variance between the allegations of the indictment and the proof; and because there was no proof as to the value of the cattle and the mules alleged to have been disposed of.

■ Where the indictment charges disposition of mortgaged animals there is no variance if the proof shows an unlawful disposition of one of the animals by the defendant. Swint v. State, 3 Ala.App. 93, 57 So. 394.

■ If the offense charged in the indictment was proven there could be a conviction for it, and the fact that the evidence showed defendant unlawfully disposed of more animals than the indictment alleged would not constitute a fatal variance. Cooper v. U. S., 5 Cir., 91 F.2d 195.

■ The insistence that defendant was due the affirmative charge because there was no proof of the value of the property disposed of is likewise without merit. The statute declares that upon conviction the defendant shall be punished as if he had stolen the property, Section 363, Title 14, Code 1940, and when the degree of punishment depends on the value of the stolen property the value must be proved on the trial. But Section 331, Title 14, Code 1940 makes the stealing of mules and cows grand larceny, regardless of their value, and since the punishment for the fraudulent removal of the mortgaged chattels was not controlled by the value of the property it was unnecessary to make such proof.

■ Since it was not essential that the value of the property be proven and the jury had nothing to do with the fixing of the punishment, it was unnecessary to instruct the jury on the questions of value and punishment. However, we are of the opinion there was no reversible error in the following portions of the charge which defendant insists were erroneous:

"Something was said about the proposition of the value. You notice the State argued that he must be punished as if he had stolen the same. Of course, the question of the punishment is not for you to say, as I will explain to you later on.

"In order that you understand the situation with reference to the proposition of value, we have a statute which says that— 'Any person who steals any horse, mare, gelding, colt, filly, mule, jack, jennet, cow, or animal of the cow kind, shall be guilty of what we call grand larceny, regardless of the value of the animal.' That question, as I understand it, would not concern you in this particular case."

These were correct statements of the law and evidently were made by the court in explanation to the jury of arguments advanced by counsel.

There being no reversible error in the record the judgment of the trial court is affirmed.

Affirmed.

## On Application for Rehearing

Appellant requests that the opinion be extended by setting out several pages of the record for the purpose of showing that the State introduced testimony relative to the mortgage executed April 8, 1948, after the court had ruled, "I sustain the objection for the present." Presumably this request is for the purpose of showing there was no question as to which mortgage defendant was referring when he objected to the introduction of "those mortgages."

It would serve no purpose to burden the opinion by quoting at great length from the record, since, of course, our holding was based on the legal principle that where a part of the evidence offered is admissible and the objection is made to it as a whole, it is not error for the court to overrule the objection. See Ala.Dig.Crim.Law ⊕695(6) for numerous decisions. As stated in our original opinion, the mortgage executed February 16, 1948, was admissible. The objection should have pointed out the mortgage or mortgages which were objectionable.

Application overruled.