72 So.2d 852

**DAVIS v. DAVIS.**

5 Div. 584.

Supreme Court of Alabama.

May 20, 1954.

———◆———

Brassell & Brassell, Phenix City, for appellant.

Jacob A. Walker and Jacob Walker, Jr., Walker & Walker, Opelika, for appellee.

MERRILL, Justice.

This is an appeal from a decree of the Lee County Circuit Court, in Equity, sustaining a demurrer to and dismissing appellant's cross bill.

In his bill of complaint appellee, husband of appellant, sought a divorce on the ground of voluntary abandonment and an adjustment of the property rights to a house and lot, the deed to which was made to both of them. We are not concerned with this latter feature of the bill.

The appellee averred that their four youngest children were in his custody and further alleged: "By decree of this court dated March 13, 1953, the custody of said four children was awarded to complainant, and complainant avers that it is to the best interest of said children that they remain with complainant."

Appellant answered, admitting the allegations of residence, age and date of separation; denied that she voluntarily abandoned complainant, admitted "that said children are in the custody of the complainant by a decree of this court", but denied that such custody was to their best interest.

She then filed her cross bill in which she averred that she was forced to leave complainant because of his nagging and cruel expressions as to her looks etc. She prayed for (1) a reference to ascertain the amount of alimony pendente lite and solicitor's fees, (2) permanent alimony, (3) custody of the children and (4) for general relief.

The complainant demurred to the cross bill. Among the grounds assigned were that the facts averred in the cross bill constituted no grounds for affirmative relief and that the cross-complainant sought no relief in her cross bill to which she would not be entitled under an answer to the original bill.

The court sustained the demurrer without assigning any particular ground therefor. This action constitutes reversible error because the cross bill sought affirmative relief and not merely relief incidental to the original bill. In the case of Ex parte Burch, 236 Ala. 662, 184 So. 694, 695, we find two references applicable to the case at bar, where the court said:

"To this second bill of complaint the wife filed answer and cross bill, averring that she was without property or

means of support, denying that she had ever been guilty of the misconduct charged, and praying for alimony, temporary and permanent, and counsel fees. She also prayed for the custody of her two children.

"In neither of her two cross bills did the respondent wife pray for divorce, though she, in each cross bill, charged her husband with many acts of adultery."

And still further in the same opinion the court observed:

"* * * When brought into this court to answer the charges made by her husband's bill of complaint, the wife, while resisting the divorce sought by the husband, invoked, by cross bill, the jurisdiction of the circuit court to enforce, in her behalf, an independent equity, viz., permanent alimony and the custody of the children of the marriage. The cross bill sought affirmative relief and not merely relief incidental to the original bill."

Here the complainant avers and the respondent admits that the custody of the children was awarded to complainant by a decree of the Lee County Circuit Court, in Equity, some eight months prior to the commencement of this proceeding. On demurrer the lower court may and should take judicial notice of its proceedings in that court insofar as they are relevant to the question of law presented, but this court cannot do so, unless the proceedings are certified in the record. Crossland v. First National Bank of Montgomery, 233 Ala. 432, 177 So. 255; Belyeu v. Bowman, 252 Ala. 371, 41 So.2d 290.

Moreover, the respondent and cross complainant does not aver in her cross bill any change of conditions or other substantial reason for modification since the rendition of the former decree awarding custody of the children, Hale v. Hale, 259 Ala. 666, 68 So.2d 63, and this particular feature of her cross bill was therefore subject to demurrer. Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205.

However, since we hold that the cross bill does seek affirmative relief as pointed out in Ex parte Burch, supra, and the demurrer was addressed to the bill as a whole, the decree of the lower court sustaining the demurrer to the cross bill must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.