79 So.2d 42

**J. J. WILLIAMSON**

v.

**Henry T. BURKS et al.**

**6 Div. 627.**

Supreme Court of Alabama.

March 31, 1955.

Ward & Ward, Tuscaloosa, for appellees.

deGraffenried & deGraffenried, Tuscaloosa, for appellant.

MERRILL, Justice.

Appeal from a decree overruling demurrer to complainants' amended bill of complaint. The original bill prayed for construction of a lease, and demurrer was properly sustained. The bill as amended has several aspects, one of which was the reformation of a written lease on the ground of mutual mistake, an established equitable remedy. Clipper v. Gordon, 253 Ala. 428, 44 So.2d 576.

The demurrer to the amended bill was to the bill as a whole and to each of the several aspects. The court overruled the demurrer generally. The effect of such a ruling was a ruling only on the demurrer to the bill as a whole and if any aspect was good, the decree is due to be affirmed. Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749; Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100.

Paragraph 3 of the bill begins as follows:

"3. The Respondent, J. J. Williamson, rented a portion of the above described property on October 31, 1951. An instrument *which this court construed as a lease for two years* is in the following words and figures: * * *." [Emphasis supplied.] It was the contention of the appellant in the court below and here, that this statement is "a sufficient reference to the previous litigation for the court to take

judicial knowledge thereof in passing upon appellant's demurrer," and that the decree in the previous proceeding was res judicata. The bill of complaint, answer and cross bill of respondent, and the decree of the court in the previous proceeding are attached to and made a part of the demurrer last filed by the appellant.

The trial court wrote an opinion in overruling the demurrer in the instant case from which we quote in part:

"It further appears from argument of Solicitors for respondent and from the said demurrer of respondent to said complaint that the respondent is contending that the Court is presumed to know that this Court has ascertained and decreed in that certain case No. 9054 in the Circuit Court of Tuscalooso County, Alabama, In Equity, wherein Henry T. Burks, Henry T. Burks, Jr., and Thomas D. Farmer, were complainants, and J. J. Williamson, was respondent, that the lands of complainants described in Sub-Sections (A) and (B) in said paragraph 9 of said complaint as last amended were and are under lease to the respondent for the years 1952 and 1953, and that this Court is presumed to know his findings of facts in said Case Number 9054.

"Assuming (but not deciding) that this Court is presumed to know just what facts were ascertained by the Court in said Case No. 9054, and also assuming that this Court is presumed to know whether or not he decreed that the respondent had a leasehold or some other interest in said land described in Sub-Sections (A) and (B) in said paragraph 9 of said complaint as last amended, then this Court would hold as follows:

"A. That the Respondent did have a lease for the years 1952 and 1953 on the land of the Y. T. Auxford Estate belonging to the complainants, excepting the portions thereof leased to Wayne Williamson, (The Farmer Place) and to John Smelley.

"B. That the Court did not decree or ascertain that the Respondent had a lease or leasehold interest in or on said land known as the Farmer Place and being part of the lands of the Y. T. Auxford Place, and probably correctly described in Sub-Section (B) of said Paragraph 9 of said complaint, or any other interest in said land.

"C. That the respondent at the hearing in said Cause No. 9054 did not even claim that he had a lease on the said land known as the Farmer Place and probably correctly described in Sub-Section (B) of said Paragraph 9 of said complaint as last amended as the same was leased to Wayne Williamson by complainants in this cause or one of them for the year 1952.

"D. That the said land known as the Farmer Place, which is part of the lands of Y. T. Auxford, Deceased, described in Sub-Section (B) in said Paragraph 9 of said complaint or any lease thereon was not involved as an issue in said Suit No. 9054.

"The Court is of the further opinion that the proper way in this cause to raise the issue of res adjudicata as to said lands in this suit would be by answer or plea."

The case of Ellison v. Norman, 256 Ala. 610, 56 So.2d 654, 655, is in point and the court said:

"[2–4] The court rested decision sustaining the demurrer on the theory that 'the matters brought up in the bill of complaint have been heretofore adjudicated by the Court, are res judicata.' This ground of demurrer is not well taken, since there is nothing on the face of the pleadings to show any res judicata of the pending action. True, the demurrer exhibited two certain decrees which it is averred were rendered in two cases which are incidently referred to in the bill of complaint, but the grounds so alleging are regarded as speaking demurrers and will not be considered. Watts v. Kennamer, 216 Ala. 64(2), 112 So. 333; Sellers v. Valenzuela, 249 Ala. 627,

32 So.2d 517; Blythe v. Enslen, 219 Ala. 638, 123 So. 71.

"Counsel for appellees argue that these grounds of demurrer should be considered because the decrees referred to in the demurrer and made exhibits thereto are averred in the demurrer to have been decrees rendered in the two cases referred to in the bill, thereby requiring the trial court to take judicial knowledge of them. But these exhibits do not properly form any part of the demurrer and, as stated, the grounds setting them forth are speaking demurrers. The cases mentioned in the bill are not sufficiently pleaded to inform us as to their relation to the case in hand and there is nothing before us which could advise us of these decrees. The decrees were never reviewed by this court and we therefore do not take judicial knowledge of them so as to review the propriety of the trial court's ruling with respect to them. Belyeu v. Bowman, 252 Ala. 371(4), 41 So.2d 290; Crossland v. First National Bank, 233 Ala. 432 (5), 172 So. 255."

The facts in the cases of Cogburn v. Callier, 213 Ala. 38, 104 So. 328, and Davis v. Davis, 261 Ala. 95, 72 So.2d 852, were quite different from the facts as alleged in the instant case and those cases do not apply here.

It is our opinion that the demurrer interposed by the appellants attempting to set up the defense of res judicata was a speaking demurrer and was properly overruled, and the slight or incidental reference to the previous proceeding in the second sentence of paragraph 3 of the bill was not sufficient to invoke the court's judicial knowledge of same in passing on appellant's demurrer.

The decree of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.