SIMMONS, Retired Circuit Judge.
Appellant, an indigent represented here and below by appointed counsel, was indicted for robbery, convicted, and punishment fixed by the jury at 25 years in the penitentiary. Judgment was duly entered. An indigent’s appeal was taken.
It appears in the record that the offense was committed on July 19, 1974. The indictment for the offense was returned on February 3, 1977. The trial was begun on Monday, August 19, 1977.
Prior to the trial, defense made a motion to dismiss the case and discharge the defendant, because his right to a speedy trial was violated. This motion was heard in camera on June 24, 1977. We quote from the supplemental record.
“THE COURT: We are here today on a Motion to Dismiss the case and discharge the defendant based on the fact that he was indicted February of 1977. That the alleged offense occured [sic] in July or August of ’74 and he’s been in the custody of the State of Louisiana since 1974 and that there has been a delay of some three years before an indictment has been issued.”
It appears that at the trial a file, marked Exhibit I, was introduced with a stipulation between counsel, the court approving, that the facts indicated by the file were true and correct. This file evidently shed some light on the issues presented by the motion to dismiss.
We have searched the record with proper diligence and failed to find this Exhibit set out. The record is silent as to the facts appearing in the file. The trial court evidently considered these facts in reaching a judgment denying the motion to dismiss the case.
This Court does not take judicial knowledge of the proceedings and records in the Circuit Court. This Court takes judicial knowledge of its own record. Statham v. Statham, 282 Ala. 322, 211 So.2d 456; Roan v. Smith, 272 Ala. 538, 133 So.2d 224. We take notice of the Circuit Court records where they are certified to this Court. Davis v. Davis, 261 Ala. 95, 72 So.2d 852. Courts judicially know their own records. Lovejoy v. State, 32 Ala.App. 110, 22 So.2d 532(2), Cert. Den. 247 Ala. 48, 22 So.2d 537.
This Court is appellate only and cannot review questions that are not properly presented. Wetzel v. State, 32 Ala.App. 32, 21 So.2d 557(3), Cert. Den. 246 Ala. 525, 21 So.2d 558.
Where, as here, there was evidence on the motion before the trial court (Exhibit I) that is not before this Court, we will not review the ruling of the trial court that denied the motion. Stephens v. State, 37 Ala.App. 522, 72 So.2d 116, Cert. Den. 260 Ala. 700, 72 So.2d 120; Seibold v. State, 287 Ala. 549, 253 So.2d 302(22). An appellant is charged with the duty of presenting correct record to an appellate Court, and this Court can deal on review only with the record as filed by appellant. Hernandez v. State, 50 Ala.App. 558, 280 So.2d 831(1).
Appellant’s next contention is that the trial court erred to reversal in its failure to grant his motion for a mistrial.
Montgomery County Deputy Sheriff Mills testified that defendant attempted to escape during the noon hour of the first day of trial. Several shots were fired at defendant during the escape episode and he was injured. Defendant was taken to the hospital; that he did not return to the court for trial until the following day, August 30, 1977; he was dressed in hospital garb. (T. 145-148). The disturbance was reported over a local television station and identified defendant as the perpetrator of the disturbance.
We fail to see how defendant can blame anybody but himself. He was the creator of his own misconduct and invited the shooting. One cannot purposefully create grounds for a mistrial by deliberately causing a disturbance during trial. Such a conclusion is obviously necessary, otherwise a defendant faced with imminent conviction could interrupt the trial, prejudice himself *1177 in the jury’s eyes and, therefore be entitled to another trial. Hayes v. State, Ala.Cr.App., 340 So.2d 1142(3), Cert. Den. 340 So.2d 1144; Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).
It appears in the record that the defense counsel questioned the jury individually as to whether their knowledge of the escape attempt influenced their verdict. Each juror stated that his verdict was based solely on the evidence presented by the witnesses and that his knowledge of the escape had no influence on his verdict.
It appears that defendant, after intimidating the robbed victim by threats and after being handed the money, hit his victim with his pistol, saying, “I’ll give you something to remember me by.” Several thousand dollars were taken from the robbed victim.
It appears to us that the punishment fixed by the jury was reasonable in view of the viciousness of the attack, and we cannot say that they were prejudiced by their knowledge of the escape attempt.
We conclude from our knowledge of the record that the trial was free of prejudicial error in overruling defendant’s motion for a mistrial because of the escape incident that was known to the jury. Nor do we find any error in the trial court’s other rulings.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
Affirmed.
All the Judges concur.